JOHN J. NILAN, Individually and as Secretary-Treasurer of Local No. 314 of Operative Plasterers and Cement Finishers' International Association, Respondent, *v.* MICHAEL J. COLLERAN, Individually and as President of Operative Plasterers and Cement Finishers' International Association, et al., Appellants.

Argued April 15, 1940; decided May 28, 1940.

*George Z. Medalie, Harold Stern* and *Louis Haimoff* for appellants. The chartering of Local 852 constituted a valid exercise of the discretion of the general executive board; no notice and hearing were required. (*Polin* v. *Kaplan*, 257 N. Y. 277; *Matter of Haebler* v. *N. Y. Produce Exchange*, 149 N. Y. 414; *Loubat* v. *LeRoy*, 40 Hun, 546; *White* v. *Brownell*, 2 Daly, 329; *Hutchinson* v. *Lawrence*, 67 How. Pr. 38; *Fisher* v. *Keane*, L. R. 11 Ch. Div. 353; *O' Keefe* v. *Local 463*, 277 N. Y. 300; *Chamberlin, Inc.*, v. *Andrews*, 271 N. Y. 1; *Nebbia* v. *New York*, 291 U. S. 502; *International Hod Carriers, Local No. 426*, v. *International Hod Carriers, Local No. 502*, 101 N. J. Eq. 474; *Gonzales* v. *Archbishop*, 280 U. S. 1; *People ex rel. Johnson* v. *New York Produce Exchange*, 149 N. Y. 401; *Lafond* v. *Deems*,

81 N. Y. 507.) The requirements of due process were complied with in the chartering of Local 852. (*Matter of Haebler v. N. Y. Produce Exchange*, 149 N. Y. 414; *People ex rel. Deverell v. M. M. P. Union*, 118 N. Y. 101; *People ex rel. Holmstrom v. I. D. B. B. Union*, 164 App. Div. 267; *People ex rel. Brewster v. " Old Guard,"* 87 App. Div. 478; *People ex rel. Johnson v. N. Y. Produce Exchange*, 149 N. Y. 401.) The trial court properly found that the constitution was amended to authorize the general executive board to charter a new local without the consent of Local 314. (*Bachman v. Harrington*, 52 Misc. Rep. 26.)

*Michael F. Pinto, Joseph M. Leahey* and *Benjamin F. Karpay* for respondent. The right to issue new charters does not give to the international unlimited power to grant a charter which deprives an existing local of valuable property rights without due process. (*Kehoe v. Leonard*, 176 App. Div. 626; *Neal v. Hutcheson*, 160 N. Y. Supp. 1007; *Polin v. Kaplan*, 257 N. Y. 277; *Krause v. Sander*, 66 Misc. Rep. 601; 143 App. Div. 941; *Robinson v. Dahm*, 94 Misc. Rep. 729; *Wachtel v. Noah W. & O. Benevolent Assn.*, 84 N. Y. 28; *Fritz v. Muck*, 62 How. Pr. 69; *Riverside Lodge No. 164 v. Amalgamated Assn.*, 13 Fed. Supp. 873.)

FINCH, J. This is an action for an injunction which arises out of an internal dispute in the Operative Plasterers and Cement Finishers International Association. Plaintiff, a local of the International, No. 314, brings this action against the International and another local, No. 852, to compel the cancellation of the charter issued to Local No. 852 and to restore to Local No. 314 so much of its former territory as has been taken from it and transferred to defendant local.

Local No. 314 was chartered in 1904 with jurisdiction over Queens, Nassau and Suffolk counties. Prior to June 7, 1939, it still retained jurisdiction over all but a small part of Queens, Nassau and Suffolk counties as far as Wading River. Within that territory there is the construction of small homes as well as that of multiple dwellings. No satisfactory progress had been made in the unionization of

the small homes projects. One means which was proposed to overcome this condition was the establishment of a secondary union scale for the small homes work, allowing longer hours and less wages than are permitted by the regular union standard. Attempts were made to organize the non-union field, but no successful conclusion was reached. Apparently Local No. 314 would not agree to the principle of a secondary scale. On June 7, 1939, by action of the executive committee of the International, Local No. 314 was deprived of about eighty per cent of its territorial jurisdiction which was transferred to a new local simultaneously chartered by the executive board of the International, and which is known as Local No. 852. There is still left to Local No. 314 a substantial field in which to operate, including the populous communities of Long Island City, Corona, Woodside, and other areas. A communication from the executive board of the International to plaintiff local stated that it was the failure of the latter to organize successfully the non-union field which prompted the action of the executive board. This action was taken by the executive board without notice to Local No. 314 or an opportunity for it to be heard on the question of the proposed action. Since its organization there have been admitted to membership in Local No. 852 approximately 483 persons who theretofore were not members of any local of the International and who were working under non-union conditions inferior to those under which they are presently employed. The action of the International executive board was taken without the consent of Local No. 314, which appealed to the convention of the International Association next following the decisions of the executive committee. At that convention a full hearing was accorded to plaintiff local by the convention, which voted to sustain the executive board.

Prior to the 1937 convention of the International, section 34 of the International constitution provided: " No local shall be organized in any city's jurisdiction controlled by another local except with the consent of said local." It

has been found by Special Term and affirmed by the Appellate Division upon ample evidence that at the 1937 convention the former section 34 of the constitution was repealed and in its place there was adopted the provision which provided: " Locals to be organized and charters to be issued at the discretion of the executive board.'" Thus the action taken by the executive board was not contrary to the constitution of the International for failure to obtain consent of Local No. 314.

Upon the foregoing facts, Special Term granted judgment enjoining defendants as prayed for in the complaint, upon the ground that the action taken by the executive committee was by way of punishment of Local No. 314, that notice and hearing upon charges are prerequisites to punishment, and that, in the absence thereof, the deprivation of valuable property rights of the plaintiff's is contrary to due process and, therefore, is illegal and void. Special Term was careful to note that the acts of the executive board did not violate the constitution or by-laws of the International Association.

In support of the judgment plaintiff-respondent contends (1) that there has been a breach of the express provisions of the International constitution; (2) that the action of the executive committee involved punishment, and was arbitrary and discriminatory; (3) that Local No. 314 was entitled to notice and hearing of charges before being subjected to punishment; and (4) that there has been no notice and hearing which would satisfy due process. On the other hand, appellants contend (1) that the action in the executive committee was in conformity with the constitution of the International; (2) that the action of the executive committee was taken pursuant to a policy adopted by it and that there was reasonable basis for the action of the executive committee; and (3) that in any event there has been compliance with the requirements of due process.

WHETHER THE EXECUTIVE COMMITTEE WAS EMPOWERED TO CHARTER NEW LOCALS WITHOUT THE CONSENT OF AN EXISTING LOCAL. The position of plaintiff is that the pro-

vision of the constitution requiring the consent of a local before a new local may be chartered within the territory theretofore covered by the existing local was not repealed by the convention of the International held in 1937. However, the evidence in the record is to the contrary, and, indeed, Special Term, following the preponderance of the evidence, has found against plaintiff on this score. This presented a question of fact, and upon appeal to this court it cannot be held as a matter of law that the constitution was not so amended. Thus, the action of the executive committee was within the scope of the powers conferred upon it by the express terms of the constitution. " The constitution and by-laws of an unincorporated association express the terms of a contract which define the privileges secured and the duties assumed by those who have become members." (*Polin* v. *Kaplan*, 257 N. Y. 277, 281.) Since the constitution of the International provides that charters of locals are to be issued " at the discretion of the general board," there remains to be considered whether the executive board has abused the discretion entrusted to it.

WHETHER THERE WAS SUFFICIENT FOUNDATION FOR THE ACTION OF THE EXECUTIVE BOARD. Plaintiff contends that the action of the executive board was taken in order to punish plaintiff local, whereas defendants urge that the action was taken as a matter of business judgment in the course of administering the policies of the International. There is a conflict in the record as to the actual motive for the action taken by the executive board.

Clearly the executive board was empowered by the constitution to issue charters *in its discretion*. Whatever might be the judgment of others, it is the judgment of the executive board which must determine what factors require the issuance of charters and the consequent realignment of jurisdictions of existing locals to accomplish that end. In the case at bar the record reveals that the union was faced with a serious problem in combatting widespread lack of unionization in its field, especially in connection with the small homes problem. The importance of the problem in

the territory covered by Local No. 314 was considerable, and clearly a proper subject for some kind of remedial action.

The situation, therefore, is one where the executive board has exercised the power conferred by the constitution, and the power has been exercised for the attainment of a proper object. The question, then, is whether there is any evidence of a reasonable connection between the ends sought to be achieved and the means adopted by the executive board. It cannot be said as a matter of law that the existence of two locals within the territory previously occupied by one may not be a device to solve the problem of unionization in what has been heretofore a predominantly non-union field. Indeed, it has been found that the membership of Local 852 includes at least several hundred workmen who previously belonged to no local of the International and who labored under conditions inferior to those which they have since obtained upon becoming members of Local 852. That is some evidence tending to show a reasonable connection between the action taken by the executive board and the permissible objects of the International. Thus, the action of the executive board may not be assailed on this ground.

But, although reasonable means for a proper objective have been taken by the executive board, its action is attacked as being discriminatory and punitive.

It may well be, as plaintiff contends, that the conditions existing in the territory of Local 314 were no worse than those existing in the jurisdictions of other nearby locals. It may also be that Local 314 was as diligent as other locals in attempting to solve this problem, and, further, that other and more suitable means might have been employed to accomplish the goal which both plaintiff and defendants profess to be theirs. The executive board of the International, perhaps, has not chosen the most effective means or taken the course which would least interfere with existing locals. Plaintiff argues that all these facts condemn the action of the executive board as discriminatory. A complete answer may be found in the fact that the executive

board may put to a test on only a limited scale the means adopted to solve a widespread problem. It cannot be required as a matter of law that the executive board should apply the proposed method to all the locals similarly situated or to none at all. Some field must be available for trial and perhaps error. That the plaintiff local may be hurt or subject to such discrimination in the course of putting certain policies of the International into effect is of itself no ground for relief. (*O' Keefe* v. *Local 463,* 277 N. Y. 300.)

Since it has not been shown that the action of the executive board was taken in bad faith and with malice, plaintiff may not succeed. The trial court has not found bad faith or malice and has refused to find that there existed a conspiracy to injure plaintiff. In the absence of any such elements tainting the action of the executive board, the only relevant consideration is whether there is some reasonable basis for the determination of the board to charter a new local within the territory of an existing local. This question has already been considered and no basis discerned which would warrant the courts in setting aside the determination of the executive board.

Since plaintiff is accused of no wrongdoing and no charges have been filed or threatened against plaintiff, and no action, disciplinary or otherwise, is pending or threatened against plaintiff, no question of due process arises. (*O' Keefe* v. *Local 463, supra.*) Plaintiff is a constituent member among the locals wherein the International is the superior body. Plaintiff is bound by the constitution and rules of the union. Within those rules plaintiff concededly has had a full and fair hearing before the full convention of the International.

The action of the general executive board in chartering Local 852 and transferring to it a large part of the territory of Local 314 was within the discretion and business judgment of this board by express constitutional provision, and, as shown by the record, was reasonably calculated to promote the welfare of the association although it may have inflicted some hardship and may have been discriminatory as between this Local 314 and other locals similarly situated. (*O' Keefe*

v. *Local 463, supra; International Hodcarriers, Local 426* v. *Local 502,* 101 N. J. Eq. 474.)

The judgments should be reversed and the complaint dismissed, with costs in all courts.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgments reversed, etc.