FRANK COSTELLO, Individually and as Assistant Business Manager of Marine Engineers' Beneficial Association, No. 33 (C. I. O.), Respondent, *v.* JAMES P. O'KANE, as President of Marine Engineers' Beneficial Association, No. 33 (C. I. O.), Appellant.

First Department, March 25, 1952

*Herman N. Rabson* of counsel (*Betty H. Olchin,* with him on the brief; *Benjamin B. Sterling,* attorneys), for appellant.

*Arnold A. Levin* of counsel (*Jerome G. Clifford,* with him on the brief; attorneys), for respondent.

VAN VOORHIS, J.   Plaintiff-respondent was elected assistant business manager of appellant association for the two calendar years 1949 and 1950.   The length of term was designated in its by-laws, which also directed that the compensation payable to such an official should be equal to the wages of first assistant engineers for class C vessels in the Merchant Marine. On June 7, 1950, proceedings were taken at a regular meeting of the association which are claimed to have removed him from office before the expiration of his term.   The procedure by which this result was sought to be accomplished was by reducing the number of assistant business managers from five to three, and by retaining in office three of the other incumbents. Plaintiff's contention is that the number of these elective offices had been fixed at five by the by-laws in force when he was elected, that the two-year term gave him a contract right to the position for that period, and that he held over following the expiration of his term on December 31, 1950, in view of failure legally to elect his successor.   The Official Referee before whom the action was tried upheld him in these conten-

tions, and ordered judgment for the amount of his wages from his discharge on June 7, 1950, until the date of the trial on September 17, 1951, after deducting what he earned in outside employment. The recovery is $4,143.14 with interest.

This award should be affirmed insofar as it allows plaintiff to recover until the end of the term for which he was elected, viz., until December 31, 1950, but wages subsequently accruing should be disallowed.

The decision of the controversy depends upon the interpretation of section 1 of article V of defendant's by-laws which reads as follows: " Sec. 1. The elective officers of this Association shall consist of a President, Vice-President, Second Vice-President, Recording Secretary, Financial Secretary, Corresponding Secretary, Treasurer, Business Manager, and five Assistant Business Managers or such number as the Association may hereinafter designate from time to time. Three Trustees, Representatives to the National Association. All officers shall be elected for a term of two years, elections to take place in each even numbered calendar year."

Doubtless the other elective offices could not be changed without amending the by-laws, which under section 6 of article XI required reading at three consecutive regular meetings followed by referendum vote of the membership for adoption. On the other hand, the statement in section 1 of article V that there shall be " five " assistant business managers " or such number as the Association may hereinafter designate from time to time " indicates an intention that the Association be empowered to change the number as the exigencies of its business might require, by a vote of the membership at a regular meeting, without the necessity of resorting to the complicated and time consuming procedure governing amendments to the by-laws. Section 6 of article XI states that referenda for the amendment of by-laws shall be sent out only on April 15th and October 15th of each year. If an amendment to the by-laws were necessary to change the number of assistant business'managers, it would require that after being read at three consecutive regular meetings, a referendum should be sent out upon April 15th of an election year. October 15th would be too late in even-numbered years to change the number of positions to be voted for at the same time. Greater flexibility was necessary to vary the number of assistant business managers, who carried on most of the work of the association. Changes in business conditions, requiring more men or fewer to serve in this capacity. would not wait upon this procedure.

There could have been no object in inserting the words " or such number as the Association may hereinafter designate from time to time ", if an amendment to the by-laws was to be required in any event in order to vary the number. The clause regulating procedure by amendment would have been enough, since without the quoted words that procedure had to be followed anyhow in effecting a change in any of the other offices, such as abolishing the second vice-presidency, for example. Words are ordinarily deemed to have been inserted for some purpose, and a construction treating language as surplusage is to be avoided where reasonably possible (*Carter, Macy & Co.* v. *Matthews,* 220 App. Div. 679, 683, affd. 247 N. Y. 532).

There could be little doubt that the intention was to permit a change in the number of assistant business managers by vote of the membership at a regular meeting, except for the use of the word " hereinafter ". It is argued for plaintiff that this word signified that the number could be altered only by specifying some different number in the by-laws themselves. The answer to that contention is that such a construction makes no distinction between assistant business managers and other elective officers of the association, whereas, manifestly, some difference was intended by coupling these words with mention of the assistant business managers alone. These words were not just a hint that the elective offices could be changed by amending the by-laws; a special grant of power to the association was intended, acting at its regular meetings by majority vote to determine the number of assistant business managers. The thought in mind in using the word " hereinafter " was evidently that there should be such number as the association might " hereafter " designate from time to time, according to the procedure outlined " here*in* ". That is interpreted to mean that the association, in altering the number is required to do so under article II, which directs that " The regular meeting of this Association shall be held on first and third Wednesday evenings ". Using the word " hereinafter " was not very appropriate, but the underlying purpose is clear.

It is true that in 1946, prior to plaintiff's election, the number of assistant business managers had been increased to five by an amendment to the by-laws, but at other times the number had previously been changed by majority vote at a regular meeting, while the pertinent part of the by-law was in the same form. Practical construction is therefore of little assistance in resolving this problem.

We conclude that the number of assistant business managers was validly reduced from five to three at the regular meeting of the association held on June 7, 1950, except that the then existing incumbents could not be removed from office until the expiration of their terms on December 31, 1950. The effect of the resolution of June 7th was not to oust plaintiff from his position, but to limit to three the number of offices of this type to be filled at the fall election in that year. Consequently three instead of five assistant business managers took office as a result of the election for the two-year term commencing January 1, 1951. Persons other than plaintiff were duly elected to those offices for those terms.

The judgment appealed from should be modified by awarding to plaintiff $3,330.07 unpaid wages from June 7, 1950 through December 31, 1950, less $562 which he earned in other employment between September 15th and December 31st of that year, making a total recovery of $2,768.07 with interest thereon from December 31, 1950, and, as so modified, the judgment appealed from should be affirmed, without costs.

COHN, J. P., CALLAHAN, SHIENTAG and FOSTER, JJ., concur.

Judgment unanimously modified in accordance with the opinion herein and, as so modified, affirmed, without costs. Settle order on notice.