ANTONIO MALTESE, Appellant, *v.* DAVID DUBINSKY, Individually and as President-Secretary of International Ladies' Garment Workers' Union, et al., Respondents.

Argued October 14, 1952; decided October 24, 1952.

*George M. Aronwald* for appellant. I. The provisions of the International constitution and the method relied upon by defendants in effecting the ouster of plaintiff from the office to which he was duly elected must be condemned and declared void as violative of public policy and the law of the land. (*Polin* v. *Kaplan,* 257 N. Y. 277; *People ex rel. Johnson* v. *New York Produce Exch.,* 149 N. Y. 401; *Irwin* v. *Possehl,* 143 Misc. 855; *Gilmore* v. *Palmer,* 109 Misc. 552; *Matter of Singer* [*State Laundry Co.*], 189 Misc. 150, 273 App. Div. 755.) II. Labor unions are obliged to shape their internal laws in keeping with the laws and spirit of the greater society of which they are a part. (*Blek* v. *Wilson,* 145 Misc. 373; *Jackson* v. *White,* 62 S. E. 766 [S. C.]; *Miller* v. *Board of Supervisors of Sacramento Co.,* 25 Cal. 93; *State ex rel.* v. *Ladeen,* 104 Minn. 252; *Dolphin* v. *Mayor & Council of Town of Kearney,* 116 N. J. L. 58.) III. A union constitution which evades a provision providing for notice of charges and fair trial for one against whom disciplinary proceedings are instituted is violative of the law of the land. (*People ex rel. Johnson* v. *New York Produce Exch.,* 149 N. Y. 401; *People ex rel. Holmstrom* v. *Independent Dock Builders' Benevolent Union,* 164 App. Div. 267; *Blek* v. *Kirkman,* 148 Misc. 522; *Gilmore* v. *Palmer,* 109 Misc. 552.) IV. A provision of a union constitution which constitutes a contract between the member and the union should not be enforced if it violates elementary contract law. (*United States* v. *Addyston Pipe & Steel Co.,* 85 F. 271; *Meers* v. *Munsch-Protzmann Co.,* 217 App. Div. 541; *Bintz* v. *City of Hornell,* 295 N. Y. 628; *Cocca* v. *County of Erie,* 182 Misc. 1082.) V. Equity will intervene to protect an elected officer of an unincorporated association from illegal removal from office. (*Bricklayers', Plasterers' & Stone Masons' Union*

v. Bowen, 198 App. Div. 967; Sullivan v. McFetridge, 183 Misc. 106, 268 App. Div. 962.)

Emil Schlesinger and Max Bloom for respondents. I. Plaintiff was not removed from office and no disciplinary action against him was involved. II. The constitutions of International and joint board and the rules and regulations of Local 48 constitute a contract between them and plaintiff. Plaintiff's rights are fixed and his obligations determined thereunder. (Gem Music Corp. v. Taylor, 294 N. Y. 34; Alexion v. Hollingsworth, 289 N. Y. 91; Nilan v. Colleran, 283 N. Y. 84; O'Keefe v. Local 463 UAP, 277 N. Y. 300; Polin v. Kaplan, 257 N. Y. 277; Burt v. Oneida Community, 137 N. Y. 346; Matter of Pratt v. Rudisule, 249 App. Div. 305.) III. The provisions of section 15 of article 5 of the constitution of International do not contravene public policy or the law of the land. In accepting plaintiff's resignation the general executive board of International validly terminated his term of office. (Labor Board v. Jones & Laughlin, 301 U. S. 1; Federation of Labor v. McAdory, 246 Ala. 1, 323 U. S. 703, 325 U. S. 450; W. F. Constr. Corp. v. Hanson, 250 App. Div. 727; Norfolk & W. Ry. Co. v. Harris, 260 Ky. 132; Aulich v. Craigmyle, 248 Ky. 676; Attig v. International Brotherhood of Teamsters, 231 Iowa 1; Dennis v. United States, 341 U. S. 494; Hirabayashi v. United States, 320 U. S. 81; Selective Draft Law Cases, 245 U. S. 366; Association for Protection of Adirondacks v. MacDonald, 253 N. Y. 234; American Historical Soc. v. Glenn, 248 N. Y. 445; People ex rel. Boyle v. Cruise, 197 App. Div. 705.) IV. By his compliance for a period of fifteen years with section 15 of article 5 of International's constitution, by his failure to seek the repeal thereof as a delegate to International's 1947 and 1950 conventions, by his vote in support of the 1947 and 1950 amendments, plaintiff has fully concurred in the aforesaid provision and has waived any right to question and is estopped from questioning its validity. (Matter of George v. Holstein-Friesian Assn., 238 N. Y. 513; Matter of Flushing Hosp. & Dispensary, 288 N. Y. 125.) V. Plaintiff's membership in International and in Local 48 is not involved in this case. At the time of the commencement of this action he was still a member in good standing therein. No property rights of plaintiff are involved. (Peabody v. Kaufman, 270 App. Div. 1019, 296 N. Y.

796; *O'Keefe* v. *Local 463 UAP,* 277 N. Y. 300; *Blek* v. *Kirkman,* 148 Misc. 522; *Matter of Balter* v. *Empire State Motion Picture Operators Union,* 167 Misc. 430; *Thompson* v. *Wallin,* 301 N. Y. 476; *Adler* v. *Board of Education,* 342 U. S. 485; *Canteline* v. *McClellan,* 282 N. Y. 166; *Burke* v. *Kern,* 287 N. Y. 203; *Matter of Sweeney* v. *Mischler,* 132 Misc. 13; *Field* v. *Giegengack,* 73 F. 2d 945; *Wetzel* v. *McNutt,* 4 F. Supp. 233; *State* v. *District Co.,* 205 P. 955 [Mont.].) VI. Neither the amended complaint of plaintiff nor the affidavit submitted in opposition to the motion for summary judgment establishes the existence of any cause of action against any of defendants. (*Institute for Public Service* v. *Winter,* 233 App. Div. 1; *Gulf Oil Corp.* v. *Smallman,* 185 Misc. 409, 270 App. Div. 129; *Martin* v. *Curran,* 303 N. Y. 276; *People ex rel. Solomon* v. *Brotherhood of Painters,* 218 N. Y. 115; *Schouten* v. *Alpine,* 215 N. Y. 225; *McCabe* v. *Goodfellow,* 133 N. Y. 89; *Terner* v. *Glickstein & Terner,* 283 N. Y. 299; *Casey* v. *Nye Odorless Incinerator Corp.,* 238 App. Div. 242; *Joseph* v. *Raff,* 82 App. Div. 47, 176 N. Y. 611.)

FROESSEL, J. Plaintiff brought this action for a permanent injunction against his removal from the office of business agent of Local Union 48, International Ladies' Garment Workers' Union (hereinafter called International), and for related relief. Defendants thereupon moved for summary judgment dismissing the action on the merits by way of cross motion to plaintiff's motion for a temporary injunction. Summary judgment was granted, except as to plaintiff's claim for twenty-five days' salary, as to which claim the action was severed; the Appellate Division has unanimously affirmed.

The sole issue of law upon this appeal is the validity of section 15 of article 5 of the constitution and by-laws of International, which, so far as material, provides as follows: " All candidates for a paid office or position in an [*sic*] L. U. [Local Union] shall execute and deposit with the G. S. T. [General Secretary-Treasurer] of the I.L.G.W.U. and the L. U., prior to their installation in office or such position, duplicate resignations in blank. Such resignations shall become effective and operative whenever accepted by a two-thirds vote of the entire membership of the Executive Board of the L. U., or by a two-thirds vote of the entire membership of the G. E. B. [General

Executive Board]. * * * The term of office of all officers and the tenure of position of executive board members are hereby limited accordingly.''

This section was originally incorporated in International's constitution by the unanimous vote of the delegates to its 1940 convention. Delegates are primarily representatives of the local unions, and to a much lesser extent of the joint boards and district councils. Plaintiff has been a delegate to both the 1947 and 1950 conventions. On neither occasion did he attempt to offer any amendment to that section nor contest its validity, but indeed voted in favor of a 1950 amendment making the section applicable to appointive as well as elective officers.

International is an unincorporated association — a labor union — with a total membership of 436,000 in 491 local unions which it has chartered in the United States and Canada. Plaintiff is a member of Local 48 (Italian Cloak, Suit, Skirt and Reefer Makers' Union). In February, 1950, after having served in a similar capacity for some years prior thereto, plaintiff was again elected business agent of said local. Upon said election he executed, pursuant to section 15 of article 5 of International's constitution, his resignation in duplicate, one of which was filed with Local 48 and the other with International, to take effect immediately upon the acceptance thereof. On each of the occasions that plaintiff has been elected business agent since 1940, he did likewise, never protesting nor even questioning the practice.

In June, 1950, respondent Feinberg, vice-president of International and general manager of the Joint Board of Cloak, Suit, Skirt and Reefer Makers' Union, which had jurisdiction over Local 48 and seven other locals, asked plaintiff to request either Local 48 or the general executive board to make his resignation effective. Plaintiff refused to do so. On August 23, 1950, respondent Dubinsky, president and general secretary-treasurer of International, presented the matter '' fully and accurately '' to the general executive board. The board, by a 21–0 vote (two members [one of whom has submitted a supporting affidavit] abstaining from voting and one member absent), accepted plaintiff's resignation. We are not informed of the evidently confidential basis for the board's acceptance

of said resignation. We are merely told that, "As a result of his [Feinberg's] investigations and on information and proof which he received from the most unimpeachable sources and which were irrebutable, he became convinced that Maltese's continuance as Business Agent at the Joint Board should come to an end."

Feinberg stated that he "was able to obtain this information and proof only after giving a solemn pledge, upon my honor, to my informants and a devout member of the clergy, that I would not reveal the source nor the details of the information received to anyone except the President of the International because of the fear that my informants had of serious recriminations."

Plaintiff asserts that his removal from office was illegal, contending, in substance, that section 15 of article 5 is void as violative of public policy, the law of the land and contract law. At the outset it should be emphasized that we are here dealing with a situation where a union official has executed a resignation, *after his election, in accordance with the express provisions of the governing constitution.* No effort is made to affect plaintiff's *membership* in his local, where he remains in good standing, nor is there any attempt to deprive him of any right to secure employment in the industry, or to participate in welfare benefits or in the general funds of his local.

We do not seem to have passed upon the precise issue here presented. We have held that a union, under its constitution and by-laws, "has power and right to take action reasonably calculated to advance its objects, even though such action involves interference with the employment of a member who has committed no wrong and against whom no charges have been preferred" (*O'Keefe* v. *Local 463 of Assn. of Plumbers,* 277 N. Y. 300, 307–308), and that the "constitution and by-laws of an incorporated association express the terms of a contract which define the privileges secured and the duties assumed by those who have become members" (*Polin* v. *Kaplan,* 257 N. Y. 277, 281, 282; *Nilan* v. *Colleran,* 283 N. Y. 84, 89). In the latter case, we also point out (p. 91) that, where "it has not been shown that the action of the executive board was taken in bad faith and with malice, plaintiff may not succeed."

The execution of these duplicate resignations was in strict accord with the express provision of section 15 of article 5. In the absence of a showing that such provision is in some way violative of public policy — no statute having been cited as a bar — plaintiff is bound by the constitution which defines the terms upon which the office of business agent may be held. Reading the provision in question together with the entire constitution as its background, we do not think it can be said that there is in this case a violation of public policy, even though we should question its wisdom and propriety (*Cuppy* v. *Stollwerck Bros.*, 216 N. Y. 591; *Mimmack* v. *United States*, 97 U. S. 426). The provision is tantamount to reserving the right to terminate a union office at will, by consent of both International and local unions.

Business agents are elected by their local unions, but according to the provisions of International's constitution, the joint board's constitution, and the local's own rules and regulations, they work out of and exclusively for the joint board with which they are affiliated, and the board's directors assign their duties. Business agents are delegates to the international convention. Thus the local union does not have exclusive control over its business agents, and they become an important part of the parent and intermediate bodies. Indeed, it is asserted that locals affiliated with joint boards do not have the right or authority to enter into any labor agreement on behalf of their members with any employer in the industry.

We are told that this is but the second time that section 15 of article 5 has been invoked since 1940; thus there has been no abuse of this provision, and the trial court has not found bad faith or malice. Indeed, plaintiff has conceded that " there is no gainsaying the integrity of the defendants ", and agrees with Dubinsky's assertion that " Feinberg is a person of the highest integrity and of the greatest good will."

Appellant's argument that the electorate is disenfranchised by the provision challenged must fail, since it was adopted pursuant to the popular representative vote of the local unions, including Local 48, who entrusted this power to the general executive board and their own local executive boards, and who maintained the right at all events to elect the successors to any officers removed.

The provision of the constitution dealing with trials and appeals does not apply to the acceptance of a resignation by an officer, but it does apply to members generally, and to those situations where a resignation has not been submitted or where, if submitted, it has not been accepted by a two-thirds vote of the general executive board or the local executive board.

The judgment of the Appellate Division should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgment affirmed.