AL CAPOLINO et al., Respondents, v. JOSEPH MATRANGA et al., Individually and as Officers of Liquor Salesmen's Union Local No. 2, D. R. W. and A. W. I. U. A., AFL-CIO, Appellants.

First Department, October 30, 1969.

*Stanley J. Reiben* of counsel (*Victor Feingold,* attorney), for appellants.

*Godfrey P. Schmidt* for respondents.

STEUER, J.  Petitioners are members of defendant union. They petitioned the appropriate officers to call a general membership meeting.  The petition was rejected and plaintiffs sought a mandatory injunction which was, we believe, correctly granted by Special Term.  We are all in accord that petitioners were within their rights pursuant to the constitution of the defendant local in seeking the membership meeting.  The only question is the extent of the action that may be taken at the meeting.

The petition sets forth the purpose of the proposed meeting. It is to amend section 1 of article VI of the constitution, which reads, " all of said officers shall be elected for a term of three years " to provide that the terms of said officers shall be for two years, that elections are to be held in January of each year commencing January, 1969, and that the unexpired terms of officers shall terminate at that date.

There can be little dispute but that the constitution is amendable by the means selected by the petitioners, or that a change in the term of elected officers is subject to such amendment.  It is, however, argued that the term of a particular officer cannot be curtailed during his period of office.  To put it more specifically, the claim is that once an officer has been duly elected the term of office cannot be altered during his incumbency.  We neither find nor have been referred to any provision of the local's constitution that makes any such exception as to the membership's power to amend.  Absent such restriction, the objection that the proposed amendment would curtail an existing term of office would be of no avail unless there is some overriding rule of law to the contrary.

Such is argued to exist in the decision of this court in *Costello* v. *O'Kane* (280 App. Div. 70).  In our opinion the case does not

touch directly upon the proposition and, to the extent that it does, is authority to the contrary. There, plaintiff had been elected an assistant business manager of defendant union for a term of two years. There were five assistant managers, and during his term the number was purported to be reduced to three. Plaintiff's contention was that the office was improperly abolished—not because his term of office was curtailed but because the by-law by which the office was created was not amended in the proper way. The court held that according to the by-law any office could be abolished forthwith provided the amendment was regularly adopted according to the by-laws, that is, by being voted at three consecutive regular meetings of the membership. In addition, according to the same by-law the office held by plaintiff could be abolished without such formality but only at the expiration of its term. The sole question before the court, as it stated (p. 72) was the interpretation of the by-law in question, and it did not decide nor purport to decide that an individual union officer enjoys an inviolable tenure despite amendment of the constitution which fixes the office.

It is true that in respect to dates the order differs from the relief requested in the petition and order to show cause. This is a necessary concomitant of the time required to process the application through the courts. Likewise, it is true that the provision in the order for the supervision of the election by the Honest Ballot Association was not requested in the order to show cause. We take the same view as to this as expressed in the dissenting opinion.

The order entered August 18, 1969, should be affirmed with costs to respondents.

McGivern and Nunez, JJ. (dissenting). We dissent and find the order proper only insofar as it directs a meeting to consider an abridgement of the terms of office from three to two years to be effective *in futuro*, i.e., to commence upon expiration of present terms, or January 1, 1970. In our view, the rationale of *Costello* v. *O'Kane* (280 App. Div. 70) still commands respect, and an incumbent officer cannot be removed or be subject to the shortening of his tenure until the expiration of his present term. If he be accused of serious abuse of office, the pertinent Federal statutes afford relief more immediate than is available in our courts, where up to now, a conservative and an aloof policy has been followed, vis-à-vis the internal affairs of labor unions. (See Labor-Management Reporting and Disclosure Act of 1959, tit. IV, § 401, subd. [h] and § 402, subd. [a], par. [2] [U. S. Code, tit. 29, § 481, subd. (h) and § 482, subd. (a), par. (2)]; also, Rules and Regulations of Secretary of Labor, part 417, June 22, 1964, eff.

July 31, 1964 [Code of Fed. Reg., tit. 29, §§ 417.1–417.25]; 4 CCH Labor Law Reporter, §§ 7170 through 7170.25, pp. 12,359–12,365.)

Further, we feel the provisions in the order relating to section 2 of article XX of the constitution, prescribing the time for the pre-election meeting of the general membership, and section 1 of article XIV of the constitution relating to the manner of selection of a nominations and elections committee are also unacceptable as they are not to be found in and exceed the petition presented to the court, and were never at issue. Nor is there any indication that as to these proposed constitutional amendments, any effort was made to achieve them by internal or administrative remedies.

We do not take such a dim view of the provision providing for supervision by the Honest Ballot Association, as this is a benign provision, not unreasonable, not seriously challenged by the union, and plausibly justifiable under the application requesting " such further relief as may be proper " in the eyes of the court.

CAPOZZOLI, J. P., and TILZER, J., concur with STEUER, J.; McGIVERN and NUNEZ, JJ., dissent in an opinion.

Order and judgment (one paper) entered on August 18, 1969, affirmed, with $30 costs and disbursements to the respondents.