Chief Judge Fuld (dissenting).
We are here concerned with the validity of a proposed amendment to a labor union’s constitution which would have the effect of removing from office officers originally elected for a fixed term before that term has expired. The present action was brought by a group of union members, dissatisfied with their present leadership, who seek to compel the officers of the union to call a special meeting for the purpose of adopting such an amendment. It appears that the plaintiffs have complied with all of the procedural requirements attendant on the calling of such a special meeting, and the only substantial question, .as indicated, is whether the express purpose of the meeting is a proper one.
The court at Special Term, without considering the validity of the proposed resolution, directed that the meeting be held. A closely divided Appellate Division affirmed that order on the ground that union officials have no vested right to office and that members are free to amend the constitution as they see fit. The dissenters, on the other hand, took the position that, in the absence of any showing of misconduct, “ an incumbent officer cannot be removed or be subject to the shortening of his tenure until the expiration of his present term. ’ ’ I agree with this view. The officers’ term and tenure were fixed by the union’s constitution as it read at the time of their election and may not be curtailed by any subsequent amendment of that document absent a provision allowing removal of officers without cause.
The constitutional provision under which these defendants were elected to office for a three-year term had the effect of a contract, binding upon all of the members of the union. (See Nilan v. Colleran, 283 N. Y. 84, 89; Polin v. Kaplan, 257 N. Y. 277, 281.) By allowing a meeting to be held for the express purpose of electing new officers and having them take office prior to the *733 expiration of that three-year period, the court is, in effect, rendering that explicit contract obligation voidable at the instance of a majority of the union. In reaching such a result, the court, I suggest, not only disregards elementary principles of contract law but goes counter to the only decision in this State which bears directly on the question. (See Costello v. O’Kane, 280 App. Div. 70, 74; cf. Elevator Operators & Starters’ Union v. Newman, 30 Cal. 2d 799.) In the Costello case, the Appellate Division upheld the right of the union membership to abolish two existing positions but, in so doing, declared that ‘ ‘ the then existing incumbents could not be removed from office until the expiration of their terms ” (280 App. Div., at p. 74).
Although the court states, in its memorandum decision herein, that it is not passing upon any right which these incumbents might have to their salaries should their terms be shortened, such a remedy, even if available, is entirely inadequate. The purpose of the constitutional provision prescribing a fixed term of office is not merely to assure financial security for the union’s officers but, rather, to provide a degree of stability and responsibility in the union’s management, a purpose which Can only be fulfilled if the provision is upheld and specifically enforced in equity.
One may well debate the wisdom of a provision which permits officers of a labor union to retain their positions when they no longer command the support of a majority of its members but there are good and substantial reasons why a union would adopt such a rule. It selects officers because its members repose trust and confidence in the special abilities of the individuals chosen. They, in turn, have a fiduciary obligation to discharge their function in the manner which they believe best for the interests of all, and it may well be deemed wise to allow them to make their decisions free from the pressure of the momentary or passing desires of the majority.[1] In a period during which there has been extensive discussion as to the alleged instability of the relationship between union members and its officials, the grant of power to the members to remove officers, even though they *734 have committed no wrong but have merely expressed their own views as to the conduct of union affairs—for instance, in negotiating collective bargaining agreements with employers — can only serve to aggravate such instability. Indeed, the unwisdom of permitting members of an organization to remove at will those who control its affairs undoubtedly led to the adoption of the rule that corporate directors, elected for a fixed term, may not be ousted except for good cause. (Business Corporation Law, § 706; see Matter of Grace v. Grace Inst., 19 N Y 2d 307, 313; People ex rel. Manice v. Powell, 201 N. Y. 194, 202.)[2]
In sum, then, the constitutional provision under which these officers were elected is a fair and reasonable one, well designed and suited to the efficient management of a large organization such as a labor union. I can perceive of no reason why a court of equity should use its powers to compel a meeting for the express purpose of violating the explicit obligation which the membership undertook when they elected the present incumbents. If ground exists for removing any officer for misconduct or other cause, the union constitution provides a “ Disciplinary Procedure ” (art. XII), and the courts should not sanction circumvention of that procedure by the method here employed.
The order appealed from should be reversed and the complaint dismissed.
Ordered accordingly.

. It is noteworthy that the plaintiffs’ proposed amendment to the constitution does not provide that the terms of office should be terminable at will or without cause but only that the terms he reduced from three years to two and that this reduced term be applied, retroactively, to the present incumbents. Once their right to do this has been established, however, there is nothing to prevent another majority from abrogating any fixed term provision, however brief.

. There is a strong resemblance between officers of a union and the directors of a corporation since both are elected by all the members of their respective organizations and are directly responsible to them for the management of their affairs.