FREDERICK W. DUSING and Others, Plaintiffs, *v.* SAMUEL NUZZO and Others, Defendants.

Supreme Court, Ulster County, September 1, 1942.

*Charles De LaVergne, Francis Martocci* and *Boudin, Cohn & Glickstein* [*Hyman N. Glickstein* of counsel], for the plaintiffs.

*Henry Hirschberg,* for the defendants.

BERGAN, J. Upon the trial of this action in 1941 it was established that the constitution of Local 17 of the Hod Carriers, Building and Common Laborers' Union had been violated by a failure to conduct annual elections and by a failure to account to the members for union funds. It was also established that appeal to the constituted authorities within the international union would be futile. Upon these facts the court directed an election and an accounting. (See 177 Misc. 35.)

In pursuance of the judgment of the court an election was held February 1, 1942, and the new officers assumed control of the union on March sixth.

The constitution of the union provides (Art. IX, § 5) that all members elected to hold any office shall be elected for a term of not less than one year and not more than five years at the option of the local union, the length of the term to be determined at the time of nomination. It also provides (Art. X, § 1) that nominations shall be made at the last regular meeting in May and elections at the first regular meeting in June.

At the nominating meeting before the election of February first held under direction of the judgment of the court, the term of office was not fixed by the membership. No nominations for offices generally were made at the last regular meeting in May and no annual election was held in June.

Alleging that the international president, acting on " complaints " received by him, which seem to have arisen from the failure to conduct an election in June, 1942, has now undertaken to investigate the affairs of the local union and has directed that books and records be furnished to his designated representative who will preside at meetings during the progress of the investigation, plaintiffs now apply for an order of the court modifying the judgment to provide that the officers elected in February, 1942, shall hold their offices not less than one year, or until their successors are elected in June, 1943.

This application raises a question of major importance to the labor union movement because it involves the extent of the power of the courts to regulate the internal affairs of a union.

The boundaries of the judicial power over labor unions ought to be plainly stated. Where the management in control of a labor union refuses to obey the laws of the union requiring that elections be held, or where it arbitrarily expels members from the union

roster in violation of union law, or where it dissipates union funds without accounting, and where redress for any of these irregularities cannot be obtained through constituted local or international officials, the court will intervene to grant relief. The ground of judicial intervention is that in these circumstances necessity impels the court to act in relief of union members unable to relieve themselves of abuses of power. The necessity is imperative because in modern industry the economic existence of union labor is dependent upon a union leadership responsive to the needs and directions of the union membership.

But the courts cannot undertake to run the labor unions in detail or to interpret their laws upon every point of internal controversy. If the judicial power were exercised in this scope it would have an unfortunate consequence upon the independence and the vitality of labor unions. Experience in responsible self-government is essential to the success of union labor in protecting its economic welfare. This in turn depends upon its independence, and the courts should intervene only in cases of grave necessity.

The questions raised on this application, therefore, transcend the immediate merits of this controversy. I think the court is not required to intervene under the facts shown. An election has been held under the judgment of the court. Safeguards were provided to see that the election was fairly conducted. The complaint presented was that no election had been held over a long period in violation of the union constitution. How long the officers thus elected should serve and whether there should have been a further election in June are matters for interpretation and decision by the union itself and not for the court.

The judgment, based upon gross violations of the union constitution without adequate redress, cannot be amended to embrace other controversies subsequently arising from time to time which may fully be settled within the union itself and which are not shown to be founded upon the kind of imperative necessity which would require judicial intervention.

Motion denied, without costs. Submit order.