Isidor Wasservogel, Spec. Ref.
Plaintiff seeks to enjoin defendants from removing him as secretary-treasurer and as business agent of the defendant union.
On or about September 27, 1959, plaintiff was duly elected as secretary-treasurer of the defendant union (hereinafter referred to as “ Union ”). Since that date, and until the dispute here involved, plaintiff has acted as such officer and as a business agent of the Union. On November 10,1960, the defendant Schwarz, as president of the Union, dismissed plaintiff as business agent. Subsequently, on November 16, 1960, after plaintiff refused to sign certain checks of the Union, plaintiff was advised that he was removed as secretary-treasurer “ for neglect of duty.” It is plaintiff’s contention that no charges were filed against him by defendants and that there was no hearing before *49 a “ Trial Board ” as required by the Union constitution, thereby invalidating his dismissal as an officer and business agent.
It is well-established law in this State that our courts ordinarily will not interfere with the internal affairs of a labor union (Havens v. King, 221 App. Div. 75, affd. sub nom. Havens v. Dodge, 250 N. Y. 617; Kennedy v. Doyle, 140 N. Y. S. 2d 899, 901 ; Dusing v. Nuzzo, 178 Misc. 965). An exception to this principle, however, is likewise well established where, over and above some internal controversy, it clearly appears that there has been an abuse of power by one or more elected officials. In such event, a court of equity, in its discretion, may properly seek to correct such abuse (see Kennedy v. Doyle, supra). In the instant action, the credible testimony and documentary evidence, as hereinafter more fully discussed, clearly establish that in dismissing plaintiff as secretary-treasurer of the Union, the individual defendants were guilty of such an abuse of the power granted to them by the governing by-laws of the Union as to warrant the intervention of this court.
Article V and article XI of the Union constitution define the powers and methods of suspending or removing officers and members. Article XI refers to charges against a member or any officer of the Union for “misconduct and offenses,” and provides therein for certain procedures of trial and appeal. Article V, much broader in scope, provides that the president “ shall have the power to suspend or remove any officer or employee of the union for neglect of duty ”. It is to be noted that this article does not provide for the filing of any charges or for any trial procedure. Defendants contend therefore, that article V clearly empowered the Union president to remove plaintiff from office as he did on November 16, 1960, without conducting a trial upon written formal charges.
There is no need to discuss at any length the elementary proposition that the constitution of a union defines a contractual relationship by which its members are bound (Polin v. Kaplan, 257 N. Y. 277, 281). However, in view of plaintiff’s complaint wherein, in effect, he seeks to be restored not only as secretary-treasurer but as business agent of the Union, it is necessary to examine the provisions of the constitution to ascertain whether his rights as an officer and as a business agent are the same, similar, or different.
It is significant that the Union constitution does not specifically refer to a method of dismissal of a “ business agent ” as such. Nevertheless, a “business agent” must be either an officer or employee of the Union. Contrary to plaintiff’s contention, nothing in the record warrants the conclusion that the position *50 of “ business agent ” was an elective office. At best, therefore, in this capacity, plaintiff must be deemed to have been merely a paid employee or appointee, subject to dismissal at will.
As secretary-treasurer, however, plaintiff’s rights as an elected official of the Union are strictly governed by the provisions.of the constitution. Under article V thereof (supra), the president of the Union could remove plaintiff without a trial only for neglect of duty. In my opinion, however, plaintiff was not guilty of such neglect and was justified in refusing to sign the checks presented to him on November 16,1960. Such refusal may not now be deemed to have been a neglect of duty sufficient to warrant his summary removal by the president without a formal trial under the provisions of article XI of the constitution. It appears from the record that plaintiff’s dismissal for “ neglect of duty ” was part of a preconceived plan by defendants, who wished to rid the Union of plaintiff. They requested that plaintiff appear at the Union offices on November 16, 1960, to sign “ the customary checks.” Among such checks were the salary check for the office staff and checks for all other officers of the union except plaintiff. These obviously were not the “ customary checks.” It is significant that plaintiff signed the check for the salary of the office staff, but upon being told that defendant Schwarz, as president, had directed “no pay” for him as secretary-treasurer, plaintiff then refused to sign the salary checks for other officers of the Union. In my opinion, plaintiff was a salaried officer of the Union on November 16,1960, in good standing and entitled to his pay check. It is apparent that defendants used this method in an overt attempt to charge plaintiff with “ neglect of duty ” and thus ease his removal from the Union under article V without the necessity of a trial. Such tactics cannot be condoned by a court of equity, nor will such court support any subsequent union action based upon an arbitrary and capricious dismissal.
Defendants contend, however, that in addition to removal under article V of the Union constitution, plaintiff was also afforded a fair and equitable trial under article XI thereof. The credible proof, however, shows such contention to be specious. Plaintiff’s “removal” as secretary-treasurer after a “hearing ” was clearly violative of the Union constitution and merely was an idle gesture on the part of defendants to comply with their governing rules. The constitution specifically provides that when the executive board of the Union acts as a trial board, it shall be “ unbiased and impartial.” Here, however, prior to plaintiff’s “hearing” before such trial board, four of its five members had already gone on record as favoring plaintiff’s *51 dismissal from the Union. Similarly, prior to his hearing before such board, plaintiff, pursuant to the Union constitution, had filed written charges against four of the five trial board members. Instead of disqualifying themselves and impanelling a fair and impartial board to try plaintiff, these board members insisted that they conduct the hearing. In my opinion, the findings of such a biased trial board are worthless and the conduct of their “ hearing ” an abuse of the power of removal afforded to such a tribunal by the Union’s constitution. In view of the internal machinations of the Union and its defendant officers (as above set forth), there is little merit to defendants’ claim that plaintiff, prior to the commencement of this action, failed to exhaust the internal remedies provided by the Union constitution. Any such attempt by plaintiff would have been meaningless and useless, particularly inasmuch as the proof establishes that defendants’ concerted efforts were calculated to remove plaintiff from office, legally or otherwise. Likewise, in the light of the court’s determination, there is no need to discuss at great length the irregularities of the meeting held by defendants on December 20,1960, at which time plaintiff was purportedly removed from office pursuant to article XI. It is sufficient to note that the method by which such meeting was called and the means employed to conduct business thereat, places serious doubt upon the validity of such meeting, either as a regular or special meeting of the Union.
Upon the evidence before me, therefore, I have reached the conclusion that plaintiff’s dismissal as business agent was proper and within the powers of the defendant Schwarz, as president. However, until such time as plaintiff is properly tried, upon formal charges in writing, before an impartial and unbiased trial board, which does not include any of the members against whom prior charges had been filed by plaintiff, he is entitled to be restored to the Union as secretary-treasurer and as a member in good standing. Plaintiff is entitled to his salary as such secretary-treasurer from November 10, 1960, to the daté of his reinstatement. There is nothing in the record, however, to warrant this court granting plaintiff any damages for the alleged harm done to his reputation. No proof on this subject was adduced by plaintiff and his request therefor is denied.
Judgment is rendered in favor of plaintiff to the extent indicated herein, with costs.
Submit decree accordingly within 10 days on 3 days’ notice.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.