IsinoBi Wassebvogel, Spec. Eef.
Upon consent of counsel for the respective parties, plaintiff’s motion to amend and resettle the judgment heretofore entered in this action was granted to the extent that the case was reopened for the taking of additional evidence with respect to plaintiff’s demand for damages and for a money judgment for back salary as an officer of the defendant union.
As stated by this court in its prior decision in this action (28 Misc 2d 48, 51): “ Plaintiff is entitled to his salary as such secretary-treasurer from November 10, 1960, to the date of his reinstatement.” It now appears from the additional evidence in the record that defendants failed to reinstate plaintiff until June 19, 1961, a period of 32 weeks.
Defendants contend, however, that plaintiff never received any salary as an officer, but merely as a “ business agent,” a position from which he was “properly dismissed.” They further contend that the union constitution does not authorize any payment of salary to an officer, as such. In the opinion of the court, defendants’ contentions are specious. Documentary evidence adduced upon the reopened case clearly establishes that defendant union’s own records refute their contention regarding payment of salaries to officers. It should be noted first, however, that while the prior decision of this court {supra, p. 51) stated that plaintiff was “ properly” dismissed as a business agent, it is clear from the context of such decision that the word ‘1 properly ’ ’ was used merely to connote the idea that defendants had the “right,” “authority,” or “legal ability ” to dismiss plaintiff as a lousiness agent, a position which the court found to be merely that of a “ paid employee or appointee, subject to dismissal at will.” {supra, p. 50). Defendants’ machinations, their biased hearings and unethical conduct in removing plaintiff as an officer, however, are fully set forth in that decision of the court. Moreover, it appears that this conduct continued after the conclusion of the trial of this action, inasmuch as the record now shows that defendants failed to obey the mandate of the court regarding plaintiff’s reinstatement until a motion was made by plaintiff to punish them for contempt.
*84 In any event, while defendants’ constitution does not specifically authorize payment of salary to an officer, as defendants contend, neither is there any language therein which forbids such payment. Contrary to defendants’ argument, the silence of the constitution on this vital subject would not, “ ipso facto,” render salary payments to officers unconstitutional and illegal. The absence of any such provision may reasonably be construed to leave the decision in such matters to the governing body of the defendant union. As a matter of fact, defendant union’s books and records clearly show that the defendant Schwarz, as president, and plaintiff, as secretary-treasurer, received compensation in a generous amount for their services as officers. For example, official Department of Labor reports filed by defendants with the State of New York indicate that defendant union paid its officers salaries amounting to more than $23,000 per annum. The belated attempt by defendants to strike out such notation on the 1959 report is obvious on the face of Plaintiff’s Exhibit 15 (Item 224) and requires little further comment here. It is sufficient to note that in Item No. 118 of the same exhibit, defendants categorically state that they paid officers’ salaries amounting to $23,405 for the fiscal year ending December 31,1959.
Upon the evidence before me, therefore, I find that plaintiff is entitled to recover his salary as secretary-treasurer from November 10, 1960, to June 19, 1961, a period of 32 weeks, at the rate of $200 per week or a total of $6,400, with interest thereon.
The evidence adduced upon the reopened hearings leaves little doubt that defendants ’ arbitrary and capricious dismissal of plaintiff resulted in irreparable injury to plaintiff’s reputation in the labor movement. There is sufficient credible testimony to show that although plaintiff had many offers of employment prior to his dismissal by defendants, subsequent thereto, neither management nor other labor unions offered him any employment opportunities. It is, of course, difficult in such circumstances to assess with mathematical certainty the amount of damages suffered by plaintiff. Nevertheless, such difficulty is not sufficient reason to bar a recovery here. Giving due consideration to all of the evidence before me, including the fact that defendants have now reinstated plaintiff as a union member in good standing, I find that plaintiff is entitled to recover the sum of $5,000 as damages. In addition thereto, plaintiff may tax the cost of the stenographic record ($311.10) heretofore obtained by him on order of this court. His request for an allowance for legal fees and disbursements is disallowed.
Decision is accordingly rendered in favor of plaintiff.