LOUIS MILLER, Respondent, *v.* BUILDING SERVICE MAINTENANCE AND MISCELLANEOUS EMPLOYEES UNION, LOCAL 400 et al., Appellants.

First Department, April 17, 1962.

*Alfred A. Chaison* for appellants.

*Edward S. Joseph* of counsel (*Lester Stone* with him on the brief; *Joseph, Becker & Goldstein,* attorneys), for respondent.

STEUER, J.  Plaintiff has been awarded judgment reinstating him as secretary-treasurer of defendant union, and restoring him to his position as business agent.  He has a money judgment which represents back pay for the period since his discharge and damages for the injury to his reputation.  As far as the money judgment is concerned, there is little difficulty.  It is plainly erroneous.  Besides being calculated on a basis for which there is no support in the record, the testimony clearly shows that officers of the union were not salaried.  They frequently, but not always, were appointed to the position of business agent, which position did enjoy a salary.  So as secretary-treasurer plaintiff was not entitled to any money; nor was he as business agent.  A business agent of this union was merely an employee of the union and could be hired and discharged at the will of the executive board.  Plaintiff does not dispute that he was discharged.  As to the damage to his reputation, the rule is that damages against a union cannot be had for such a cause, as distinct from damages for breach of contract, in the absence of bad faith on the part of the membership as a whole (*Browne* v. *Hibbets,* 290 N. Y. 459; *Martin* v. *Curran,* 303 N. Y. 276).

We now come to his ouster from the position of secretary-treasurer.  The record shows that there was animosity and hard feeling between the plaintiff and defendant's president.  Plaintiff admittedly made public assertions that the president was dominated by his father, who, plaintiff claimed, ran the union though he held no office.  He further claimed that the father was ineligible to hold office because of prior criminal activities.  In addition, he had made claims that the officers were not acting in the interests of the members but were in connivance with the employers in the trade.  Plaintiff appeared on the date and at the place set for trial with his attorney.  However, in the interim between the receipt of charges by him and the trial date, plaintiff had taken two steps.  First, he started this action and applied for a preliminary injunction which had been denied.  He also filed charges against all the members of the executive board, with one exception.  These charges were, in the main, the same as the accusations he had uttered previously, as set out above.

Appearing before the board, he challenged their right to try him on the grounds of bias. He based his claim on the fact that, as these same men were the subject of his own charges, they would undoubtedly entertain feelings towards him prejudicial to an objective determination. He also pointed to the fact that three members of the board had submitted affidavits on the preliminary injunction which indicated they had already arrived at conclusions in regard to the issue. His challenge to the board as a trial bench was not allowed. He was then informed that an attorney who had come with him could not represent him but that he could have as counsel any member of the union whom he chose. This was in accord with the constitution, and no claim of impropriety has been made on this score. When so informed, he left the hearing. The board then proceeded to the trial, with the result that he now complains of.

The evidence of what took place at the hearing is far from satisfactory. However, one charge was concededly established and the facts in regard to it are admitted. As secretary-treasurer, plaintiff's signature was required on all checks issued by the union. After his discharge as business agent, no check to his order was prepared. Upon discovering this, he refused to sign any check except that for the salary of one office employee. His refusal to sign interfered to a serious degree with the functioning of the defendant union.

The complaint alleges that the plaintiff was removed from his office improperly in that he was not served with charges and without trial. The proof does not substantiate either of these claims. No motion was made to amend. The Referee, however, decided that the trial was not had by an impartial tribunal. Despite the fact that this was not the issue tendered by the pleadings and the complaint should therefore have been dismissed, we have nevertheless considered this issue.

The general rule that the court does not go behind the constitution and by-laws of an unincorporated association in determining the propriety of disciplinary action (*Belton* v. *Hatch,* 109 N. Y. 593; *Matter of Haebler* v. *New York Produce Exch.,* 149 N. Y. 414) applies to a labor union (see *Polin* v. *Kaplan,* 257 N. Y. 277, 281 *et seq.*) There are two situations in which this rule may be said to be so attenuated that it does not apply. One is where the constitutional provisions are so at variance with standards of fairness that they afford no protection to the member (*Alexion* v. *Hollingsworth,* 289 N. Y. 91) and the other is where democracy within the union is threatened. The latter is the situation where the member is faced with expulsion because of political opposition to the constituted officers (*Madden* v.

*Atkins*, 4 N Y 2d 283; *Polin* v. *Kaplan, supra*). In such a situation, the constitutional provisions are not suffered to be a shield for arbitrary destruction of political rights within the union.

The first question is whether the constitutional procedures were complied with. Firstly, plaintiff was not expelled from membership in the union. He was removed as an officer. The union constitution provides for such removal without trial or charges. We are not concerned with the fairness of that provision because it was not used, though advanced as an argument that plaintiff was accorded treatment in excess of his rights. The constitution further provides for removal on charges and a trial by the executive board. There is a further provision that any member of the board personally affected should withdraw.

Except as to the question of this final provision, it is seen that all constitutional provisions were complied with. As to the last, the claim is that the entire board was personally involved. This is predicated on the activities of plaintiff after receipt of charges, and set out above. This would be a serious matter, were it not for the fact that plaintiff at no time denied the charge and, even upon the trial, conceded that he had deliberately refused to perform his duties as secretary-treasurer and indicated that he would continue to do so until he was restored to his job as business agent. He therefore admitted the charge, and his attempt to justify his conduct is without merit. Under the circumstances, his claim of bias rests largely on his own attempts to prejudice the board against him and thereby create a situation in which he could not be tried.

It is not the concern of the court here to provide all the safeguards of due process in a criminal prosecution. In the latter, not only the possibility of bias but the appearance of it must be avoided. Here the object of the court is to see to it that actual unfairness has not attended the proceeding (see Summers, The Law of Union Discipline, 70 Yale L. J. 175). Here the charge was substantial, it was properly made, and the plaintiff, in effect, pleaded guilty to it. He should not now be heard to complain.

The question of political activity, while sought to be injected in the case, is not rightly there. Plaintiff was not expelled as a member. He can continue to agitate against the management and seek to replace the present officers through the suffrage of the members and to alert those same members to what he considers to be defects in the management, with the consequent threat to management's tenure in office. Nor was the membership, to the extent that it elected him to office, disenfranchised. During the period that he opposed the other officers but still performed his duties, he continued in office.

The judgment should be reversed and the complaint dismissed on the law and the facts found, as above indicated, with costs to the appellant.

McNally, J. P., Stevens, Eager and Bastow, JJ., concur.

Judgment unanimously reversed and the complaint dismissed on the law and the facts found, with costs to the appellant. Settle order on notice.