■ In the Matter of MICHAEL PAGLIA, as Father and Natural Guardian of ARNOLD PAGLIA, an Infant, Appellant, v. STATEN ISLAND LITTLE LEAGUE, INC., Respondent.— In a proceeding *inter alia* to compel respondent to revoke the suspension of petitioner's minor son from participation in respondent's program of organized baseball for boys, petitioner appeals from a judgment of the Supreme Court, Richmond County, entered June 17, 1971, which made certain declarations and denied the petition. Judgment reversed, on the law, without costs, and petition granted to the extent of revoking the suspension in question and restoring petitioner's son to full participation in respondent's program for the period for which he was originally enrolled, without costs. Section 4 of article III of respondent's constitution and by-laws vests the power of suspension in respondent's board of directors and mandates that specified procedures be followed. The child was suspended, subject to reinstatement upon compliance by his father with certain conditions. The suspension was by respondent's president, not by the board, and the requisite procedures were not followed. There was no procedure for internal review prescribed in the constitution and by-laws. The child was thus effectively barred from playing. Under all the circumstances, the suspension was properly reviewable under article 78 of the CPLR as a disciplinary ruling made by the president of a membership not-for-profit corporation; otherwise there would be no remedy available. Special Term treated the proceeding as an action for a declaratory judgment. However, whether reviewed under article 78 or in a declaratory judgment proceeding, the suspension was unlawful because of noncompliance with respondent's own constitution and by-laws. Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur. [66 Misc 2d 626.]