■ NORMAN SEABROOK, Respondent, v STANLEY ISRAEL, as President of Correction Officers Benevolent Association, Inc., et al., Appellants. [627 NYS2d 25] —Orders, Supreme Court, New York County (Carol H. Arber, J.), entered on or about May 13, 1994, which, *inter alia,* appointed a Referee to attend and monitor future meetings of the Correction Officers Benevolent Association, and order, same court and Justice, entered on or about June 16, 1994, which directed the previously appointed Referee to continue to attend and monitor all union meetings, barred the union from conducting any meeting without the presence of the Referee, and directed the union, at its own expense, to have a court reporter present to transcribe the minutes of each union meeting and that this

procedure remain in effect for an indefinite period of time, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, the appointment and injunctive relief vacated and the matter remanded to another Justice for a prompt hearing on the petition.

Although the record provides substantial support for the allegations of misconduct by respondents, the remedies ordered by the IAS Court were less than judicious, warranting the relief we accord. While the court was technically empowered to intervene as it did (see, Matter of Paglia v Staten Is. Little League, 38 AD2d 575; Matter of Auer v Dressel, 306 NY 427; CPLR 4001), contrary to respondents' urgings, the measures ordered substantially interfered in the internal workings of the union, contrary to general Federal and State policy (see, Matter of Jacobs v Board of Educ., 64 AD2d 148, 157-158; Matter of Gilheany v Civil Serv. Empls. Assn., 59 AD2d 834, 836; Miller v Building Serv. Maintenance & Miscellaneous Empls. Union Local 400, 16 AD2d 211, 213; Gustafson v American Train Dispatchers' Assn., 788 F2d 1284, 1287). Furthermore, the court proceeded inexpediently in failing to heed the desire of the parties to attempt settlement of their dispute at a conference or to allow the parties to resolve their factual disagreements at a hearing. Essentially, the court's orders issued without respondents' side of the controversy being given due consideration. Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Williams, JJ.