■ ANDREW SCHIFFER, Appellant, v TARRYTOWN BOAT CLUB, INC., et al., Respondents. [631 NYS2d 435] —In an action for injunctive relief and to recover damages, *inter alia,* for defamation, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Colabella J.), dated November 23, 1993, as granted those branches of the defendants' motion which were for summary judgment dismissing the first, second, third, fourth, and seventh causes of action.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, Andrew Schiffer, commenced this action seeking injunctive relief and to recover damages, *inter alia,* for defamation against the Tarrytown Boat Club, Inc., a not-for-profit corporation, and certain members of the club's board of directors. The plaintiff alleged, among other things, that the defendants violated the constitution and bylaws of the boat club by suspending and expelling him from the club without good cause. The plaintiff also alleges that the defendants libeled him by posting a notice of his suspension and possible expulsion on the club's bulletin board.

The Supreme Court properly dismissed the causes of action seeking injunctive relief. The claims which contest the suspension and expulsion of the plaintiff for failure to follow the constitution and bylaws of the boat club are properly reviewable in a proceeding pursuant to CPLR article 78 since an incorporated not-for-profit corporation is subject to mandamus *(see, Matter of Sines v Opportunities for Broome,* 156 AD2d 878, 879; *Matter of Paglia v Staten Is. Little League,* 38 AD2d 575). Consequently, pursuant to CPLR 217 (1), these causes of action are time-barred by the four-month limitation period for proceedings pursuant to CPLR article 78.

Upon review of the notice announcing the plaintiff's suspension and possible expulsion from the boat club, we find that the notice was true in its entirety because the plaintiff had been suspended by the club and was being considered for possible expulsion. The notice was therefore not defamatory since truth is an absolute defense to a libel action *(Licitra v Faraldo,* 130 AD2d 555; *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, *rearg denied* 42 NY2d 1015, *cert denied* 434 US 969).

The plaintiff's remaining contentions are without merit. Rosenblatt, J. P., Altman, Hart and Friedmann, JJ., concur.