James H. Boomer, J.
Plaintiff Norman Bounds, a student and a member of the varsity basketball team at the State University of New York College at Brockport, brings this action against Eastern College Athletic Conference (ECAC) for an injunction restraining it from ‘ ‘ enforcing its ruling that plaintiff is ineligible for collegiate athletic participation at Brockport during the 1971-72 academic year.”
ECAC is an unincorporated membership association of colleges and universities, formed for the purpose of establishing and maintaining standards for the conduct of amateur athletic activities in member colleges. Brockport is a member of ECAC. Pursuant to its constitution, ECAC promulgated a by-law requiring that, to be eligible for participation in intercollegiate athletics, a student “if he is classified as a transfer student from a junior college * * * must * * * have presented a minimum of forty-eight (48) semester hours of transferable credit from the junior college.”
The plaintiff transferred from Erie Community College, a junior college, to Brockport in February, 1971, and at that time he presented to Brockport a transcript of his courses taken at Erie showing a total of 58 semester hours of credit, only 34 of which were accepted by Brockport as transferable. During the summers of 1969 and 1970, and while a full-time student at Erie, plaintiff attended summer school at Brockport and received from Brockport 18 semester hours of credit. Erie has refused to accept this credit and to show it on the plaintiff’s transcript from Erie. ECAC, through its eligibility committee, has ruled that plaintiff is ineligible to participate in intercollegiate athletics for the' 1971-1972 school year since, at the time of his transfer from Erie to Brockport, plaintiff did not present from Erie 48 semester hours of credit acceptable to Brockport as transferable credit. Plaintiff claims that the decision of the eligibility committee of ECAC was arbitrary since the credit he earned during the summer at Brockport should be added to the transferable credit shown on the Erie transcript, thereby giving him more than the required minimum.
It is my determination that the interpretation and the application of the eligibility rule by ECAC was not arbitrary and *678 for that reason the plaintiff’s complaint must be dismissed. The rule clearly requires that the transferable credit presented be “from the junior college.” Under the rule, to be eligible for participation in athletics, the transferring student may not add to the credit earned at the junior college any credit earned elsewhere, unless the junior college has accepted the credit and placed it upon the student’s transcript. Plaintiff’s interpretation is contrary not only to the language of the rule, but also to its spirit. To permit the student, for the purpose of establishing his athletic eligibility, to take courses at another college, even though those courses might not be in furtherance of his academic program at the junior college, would subordinate academic study, the primary purpose of attendance at college, to athletic participation.
There are other reasons for the denial of the injunction. Injunctive relief is granted only to protect recognized legal rights (28 1ST. Y. Jur., Injunctions, § 37). Plaintiff can derive no legal rights from the principle that “ (t)he constitution and by-laws of an unincorporated association express the terms of a contract which define the privileges secured * * * by those who have become members ” (Polin v. Kaplan, 257 N. Y. 277, 281), for he is not a member of ECAC. “ Membership in the conference is by institution.” (ECAC Constitution, art. four, § I.) Any right the plaintiff may have to participate in intercollegiate athletics arises out of his status as a student of Brockport and depends upon the rules of that institution.
Furthermore,. Brockport, not ECAC, took action against the plaintiff. After ECAC ruled the plaintiff ineligible for athletic participation, Brockport ceased to permit him to play in intercollegiate basketball games, yet plaintiff did not bring an action against Brockport. Under its constitution, ECAC has no power or authority over students, but may only enforce its rules by action against its member institutions. There is no proof that ECAC has threatened any action against Brockport which would impair the rights of the plaintiff. If any legal right of the plaintiff has been violated, he has a remedy against Brockport.
I hold, therefore, that no injunction will issue against ECAC until plaintiff, in an action against Brockport, establishes his legal right to participate in intercollegiate athletics, and then only upon a showing that ECAC threatens to take steps which would impair this right.