In the Matter of the Application of MILDRED V. EVERSON, Respondent, for an Order of Mandamus against ORDER OF THE EASTERN STAR OF THE STATE OF NEW YORK, Appellant.

First Department, January 19, 1934.

*Edward L. Steckler* of counsel [*Steckler, Frank & Steckler,* attorneys], for the appellant.

*Louis S. Posner* of counsel, for the respondent.

MARTIN, J. The Order of the Eastern Star of The State of New York, the appellant herein, is a fraternal organization, consisting of a large number of chapters throughout the State. The central governing body, the grand chapter, is composed of the grand matron and other grand officers, representatives and delegates from the various chapters. It is the supreme body with exclusive jurisdiction over all matters affecting the order.

At the 1931 grand chapter session, the grand matron, in her annual

report, declared that the conduct of the petitioner in approving certain bills for payment was subject to censure. The committee on grievances then recommended that charges be preferred against the petitioner-respondent and several other officers. The five members of a committee designated by the grand chapter presented and signed charges which were duly served on the petitioner-respondent, and in the regular course of procedure, after written notice duly served, a trial was had, before five trial commissioners duly appointed by the grand matron in accordance with the procedural laws of the order.

Although the charge made against the petitioner and other grand officers was that of improper conduct, the details of such charge followed the general statement. The improper conduct grew out of the fact that at the 1929 session of the grand chapter of the order numerous scandalous and vicious attacks were alleged to have been made on certain members of the order who held positions of trust and confidence. To avoid the broadcasting of these attacks to the obvious detriment of the order and its members a resolution was adopted during the session providing that in the printed proceedings of the grand chapter all personal references and all personalities be deleted.

The typewritten minutes of the meeting were delivered to the grand secretary of the order, who was directed by the grand matron, the supreme head of the order, to deliver such typewritten minutes to the petitioner as chairman of the printing committee. Before delivering the minutes the grand secretary examined them and placed seals or pasters over the portions which indulged in personalities, and with two other members of the order delivered the typewritten minutes, so sealed, to the petitioner-respondent, who then brought the typewritten minutes, so sealed, to a meeting of the printing committee at which the grand matron was present, and in delivering such minutes to her, likewise explained the purpose of the seals and pasters. In the presence of the petitioner-respondent the grand matron opened at least one seal and ordered the proceedings to be printed and distributed. These booklets contained the stenographic report of the proceedings without deletions, with certain added material, such as reports and titles, but without the official seal of the order and without the signature of the grand secretary affixed, although such seal and signature were required on all official documents.

It was also charged that the petitioner not only approved the printing of the minutes in undeleted form contrary to the provisions of the resolution referred to above, but approved a bill submitted by the Commercial Press of Elmira, N. Y., in an attempt to obligate

the Order of the Eastern Star to pay the sum of $4,570.77, with interest, for printing proceedings illegally approved and of no official standing.

The petitioner was represented by counsel at the trial which was held before the trial commissioners. They unanimously adjudged her guilty. She appealed to the commissioners on appeal, five in number, who had been elected by the grand chapter. On this appeal she was likewise represented by counsel and, after the argument, the adjudication of the trial commission was unanimously affirmed, but the amount of costs assessed against the petitioner was reduced. The report of the commissioners on appeal was read at the grand chapter session held in October, 1932, and was received and ordered spread on the minutes of the meeting.

The result of the trial being unsatisfactory to petitioner, this proceeding was brought, the petitioner contending that the charges were not proved. She claimed: (1) That although a resolution was adopted at the 1929 grand chapter session that personalities be deleted from the minutes, a subsequent motion was made and adopted that the stenographic minutes be printed, thus doing away with deletion; (2) that the charges were prepared by a committee, the term of which ceased at the close of the 1931 grand chapter session; (3) that a resolution adopted at the 1931 session authorizing the committee to prepare the charges was illegally adopted, and that, therefore, the charges were improper in law; (4) that the petitioner-respondent was tried upon one charge and found guilty on another, and (5) that an offense against the Order of the Eastern Star has not been alleged or proved.

The constitution of this organization empowered the individuals appointed as a committee by the grand chapter to prepare and file the charges. (Const. § 86; Code of Procedure, § 6.) The grand chapter had the power to authorize members of the order, as a committee or as individuals, to prepare charges. Such a committee may, by the terms of the resolution creating it, function after the adjournment of such body (*People ex rel. Hastings* v. *Hofstadter*, 258 N. Y. 425), although the term of the members of the grand chapter had expired with the close of the grand chapter session.

The court at Special Term set aside the fine imposed by the body given the authority to hear and determine the charges and impose the fine. The main ground upon which the court granted the relief was that the punishment was too severe.

The by-laws, constitution and code of procedure of the organization having been strictly followed and the petitioner having been represented by counsel, the fine should not have been set aside. (See By-laws, §§ 94 to 98, inclusive.) The court was without authority to review the punishment if properly imposed, where

such punishment is provided for by the by-laws and rules of the order.

No claim appears to be made that the procedure set forth in the code of procedure and followed in this case violated any law. Under these circumstances, the visitorial power of the court is limited to a determination of the question whether the offense was in violation of a law or rule of the order. While it may be true that in certain instances the court has the power to review such proceedings, that power is very much limited. (*Richards* v. *Morison*, 229 Mass. 458.)

The general rule is that the courts will not interfere in the internal affairs of a fraternal organization or association such as the appellant, except to determine whether the offense charged was in violation of a law or rule of the order.

In *Wilcox* v. *Royal Arcanum* (210 N. Y. 370) the court held there was no question but that the expulsion proceedings were conducted strictly in accordance with the laws of the order; that it would assume that the acts charged constituted cause for removal within the meaning of the by-laws; that under such circumstances the court should not review the proceedings or re-examine the merits of the expulsion.

In *Stevenson* v. *Holstein-Friesian Assn.* (30 F. [2d] 625, 627) it was held that where an incorporated association sets up a private tribunal to determine whether a member has forfeited his right of membership by violation of some rule, courts will interfere to keep such a tribunal within its jurisdiction as prescribed by the rules of the association, and will inquire whether the action taken was in bad faith or in violation of the laws of the land, but will not investigate the merits of the tribunal's decision.

In *Polin* v. *Kaplan* (257 N. Y. 277) the court said: " Thus, if the contract reasonably provides that the performance of certain acts will constitute a sufficient cause for the expulsion of a member, and that charges of their performance, with notice to the member, shall be tried before a tribunal set up by the association, the provision is exclusive, and the judgment of the tribunal, rendered after a fair trial, that the member has committed the offenses charged and must be expelled, will not be reviewed by the regularly constituted courts."

Here the petitioner was given a fair trial. The procedure followed by the officers of the order was in accordance with the constitution thereof.

The order should, therefore, be reversed, with twenty dollars costs and disbursements, and the motion denied, with fifty dollars costs.

FINCH, P. J., MERRELL, O'MALLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with fifty dollars costs.