HAROLD R. RAITT, Appellant, v. CHARLES FIX, as President of Carpenters' District Council of Buffalo and Vicinity, a Voluntary Association of More Than Seven Persons, Respondent.— Judgment affirmed without costs of this appeal to either party. All concur, except Dowling, J., who dissents and votes for reversal and for judgment reinstating the plaintiff, in the following memorandum: At the outset of the proceeding appellant challenged the jurisdiction of the trial committee to try him. This challenge was based on three grounds: (1) that the committee was not legally constituted, (2) that it was prejudiced and (3) that written charges were insufficient in that they specified no facts. His objections were overruled and he entered a plea of not guilty to the alleged charges. The complainant did not amend the charges so as to specify any facts. The complainant was represented by counsel at the hearing. The appellant was not required to ask for a specification of the charges. It was the duty of the complainant under subdivision B of section 56 [Constitution and

Laws of Brotherhood] to specify the offenses charged. Complainant produced witnesses· who testified in substance: (1) that appellant said that he hoped that the A. F. of L. would be gobbled up by the C. I. O., (2) that he accused the complainant, an officer of the local, of donating the local's funds to the Democratic party in the form of a campaign contribution and that he had enough on complainant to send him to jail and that the complainant had solicited foremen and contractors in the city of Buffalo to keep the appellant unemployed and that complainant had fired him from the Kenmore High School job. It was the duty of the complainant not only to prove the alleged charges against the appellant but to prove that the charges were in fact baseless. Complainant failed to prove that the charges were in fact baseless. Complainant gave no testimony as to the falsity of the charges. The only attempt made to prove the charges to be false was the testimony of the foreman on the Kenmore High School job who said that complainant did not request him to discharge appellant. Complainant did not show that he had not procured appellant's discharge through the contractors on that job or in some other way (*Polin* v. *Kaplan*, 257 N. Y. 277, 285). There is no proof that appellant created dissension among the membership or that he belonged to the C. I. O. or that he belonged to the Communist party. There is no proof that he belonged to any organization whose interests were inimical to the interests of the local union. This leaves the one statement that appellant said that he wished that the A. F. of L. would be gobbled up by the C. I. O. No such charge is specified in the alleged charges and even if such a charge had been specified, it would not have constituted any offense contrary to the constitution, by-laws and regulations of the union, local or national, or to the oath taken by appellant when he became a member. Appellant certainly never waived his right of freedom of speech or of expression of an honest opinion when he joined the union in question. The making of such a statement would show no disloyalty to his own union. It would indicate merely that he thought· that the members of the union would fare better under the aggressive management of the C. I. O. The decision of the trial committee is supported by no evidence of misconduct on the part of the appellant. On the grounds stated, I vote for reversal and for judgment reinstating the appellant to full membership in the union from which he was expelled. (The judgment dismisses the complaint in an action to compel reinstatement in a union.) Present — Taylor, P. J., Dowling, Harris, McCurn and Love, JJ.