■ GODFREY C. BLOCH, Appellant, v VETERAN CORPS OF ARTILLERY, STATE OF NEW YORK, Constituting the Military Society of the War of 1812,

Respondent.—Order, Supreme Court, New York County, entered May 4, 1977, granting defendant's motion for summary judgment, unanimously reversed, on the law, without costs and without disbursements, and the motion denied. Plaintiff was a member of defendant voluntary association, the Veterans Corps of Artillery (VCA) holding the rank of Second Lieutenant. In this action he seeks review of a determination made after a hearing held before the board of officers of VCA dismissing him from membership upon charges of "conduct unbecoming an officer and gentleman" and "willful disobedience of orders." On February 22, 1975, Major Robert Coe, a member of VCA and also commanding officer of the 77th Army Reserve Unit, brought an official complaint against plaintiff, essentially alleging that plaintiff had made unauthorized copies of an official communication addressed to the Commandant which plaintiff distributed to individuals within and without VCA and to official government agencies, all in violation of defendant's directives. Following a hearing before defendant's board of officers, plaintiff was reduced to the grade of private and expelled from membership in VCA, subject to the approval of the Commandant and the council of administration, which was granted in accordance with the rules of the association. Underlying the charges brought against plaintiff was a bitter dispute in connection with his objections to and protest against permission which had been granted by VCA officers to units of the 77th Army Reserve Unit to use the space and facilities at the Seventh Regiment Armory which had been assigned for use by the VCA. On February 6, 1975, the commanding officer of the Seventh Regiment Armory notified VCA's Commandant in writing that the 77th Army Reserve Unit had been improperly permitted to use facilities at the armory assigned to VCA. The charges against plaintiff flowed from his unauthorized circulation of this letter and phone calls respecting its contents. It is well established that where the constitution and by-laws of a voluntary association reasonably set forth grounds for expulsion and provide for a hearing upon notice to the member, judicial review of such proceedings is unavailable, unless the reason for expulsion is not a violation of the constitution or by-laws or is so trivial as to suggest that the action of the association was capricious or corrupt, or unless the association failed to administer its own rules fairly. *(Polin v Kaplan,* 257 NY 277, 282; *Belton v Hatch,* 109 NY 593; 3 NY Jur, Associations and Clubs, § 17). "Thus, if the contract reasonably provides that the performance of certain acts will constitute a sufficient cause for the expulsion of a member, and that charges of their performance, with notice to the member, shall be tried before a tribunal set up by the association, the provision is exclusive, and the judgment of the tribunal, rendered after a fair trial, that the member has committed the offenses charged and must be expelled, will not be reviewed by the regularly constituted courts." *(Polin v Kaplan, supra,* p 282). Although rules of evidence are not applicable, it is fundamental that the trial held before the voluntary association tribunal be fair and impartial. In this connection, plaintiff challenges the legal sufficiency of the board of officers which presided over the hearing. He places reliance upon a resolution adopted by VCA on February 22, 1917, restricting membership in VCA to members otherwise qualified who were not liable "from age, physicial condition, or other reason, for more active duty in the Army or Navy." It is alleged that several members of the board were also members of the 77th Army Reserve Unit and, accordingly, were improperly members of VCA since conceivably, they might be subject to further active military duty. Plaintiff also asserts that members of the board not present were recorded as participating in its determination. Resolution of these

factual issues is essential to a determination whether the board was legally constituted and whether a properly constituted quorum was present for the hearing. Moreover, if, as plaintiff alleges, members of the board of officers were also members of the 77th Army Reserve Unit, the underlying fairness and impartiality of the hearing accorded to plaintiff is in question. This was the very Army reserve unit which plaintiff sought to have excluded from use of VCA's space in the armory. Thus the board members may have had a direct interest in the underlying dispute which plaintiff sought to air by his communications. If such interest or bias is established, a clear conflict would exist, requiring disqualification of such board members by reason of their direct interest in the subject matter of the controversy. It is manifest that the accused are not likely to be impartial judges of their accuser. *(Wilcox v Supreme Council of Royal Arcanum,* 210 NY 370). So far as appears plaintiff was not afforded an opportunity to challenge the membership of the board. The fairness and impartiality of the underlying proceeding is for the trier of the facts, not for resolution by the court upon summary application. We do not pass on whether an article 78 proceeding rather than a plenary action for an injunction is the appropriate remedy. The issue has not been raised. Jurisdiction may be retained in any event. (CPLR 103, subd [c].) Concur—Murphy, P. J., Silverman, Evans, Fein and Markewich, JJ.