■ In the Matter of Barbara Ames, Appellant, v Central Oneida County Volunteer Ambulance Corps, Respondent. — Judgment unanimously reversed, with costs, and petition granted. Memorandum: Petitioner was a member in good standing of respondent Central Oneida County Volunteer Ambulance Corps (the Corps), a not-for-profit corporation, which provides free services to residents in some rural communities in Oneida County. She appeals from a judgment of Special Term dismissing on the merits her article 78 proceeding in which she sought to annul a determination expelling her from membership in the Corps. Pursuant to its constitution and by-laws the Corps' grievance committee heard a grievance filed against petitioner predicated on her removing and copying an "Ambulance Run Record" (trip sheet) from the Corps' headquarters. A trip sheet is the standard form used by voluntary ambulance services to identify, *inter alia,* the time and place of a service call, the person transported and the suspected illness or injury, and the treatment administered by the ambulance crew. At the grievance committee meeting on May 29, 1980 petitioner admitted removing the trip sheet because she had participated in the ambulance run involved and "had implemented a relatively new life support procedure" and "wished to retain a memento of same". She also stated that she returned the original sheet in the presence of several other persons and was unaware that its removal would be considered a serious offense. The grievance committee permanently suspended petitioner from membership in the Corps, finding that her conduct was a breach "of patient confidentiality" and that the "making public [of their] internal affairs [was] a violation of conduct of such severity that allowing [her] to continue in service would hamper the function of the Corps". The main issue on this appeal concerns the sufficiency of the charges to justify the expulsion. Although Special Term erred in dismissing the petition on the merits without a trial of the issues of fact raised in the proceeding (CPLR 7804, subd [h]), we need not remit the case. Rather, we reverse Special Term as a matter of law and direct petitioner's reinstatement because she violated no rule of the Corps and committed no act warranting expulsion. The Corps claims that judicial

intervention is unwarranted because the trip sheet contained confidential medical information and its mishandling by petitioner constituted conduct justifying expulsion. The Corps argues that although petitioner's conduct was not violative of any specific provision of its by-laws, it was destructive to the purpose of the organization and hampered its functioning and, thus, is a sufficient ground for permanent suspension. The purpose of the Corps is to provide ambulance transportation and first aid for sick and injured persons. The by-laws set out comprehensive guidelines for its members but do not provide for the confidentiality of its records. No rule of the Corps prohibits removal of a trip sheet from its headquarters and petitioner's admitted conduct does not constitute grounds for expulsion under the by-laws (compare *Matter of Barry v The Players,* 147 App Div 704, affd 204 NY 669). However, conduct which is not violative of the Corps' rules may nevertheless be destructive to the purpose of its organization and hamper its functioning and thus be a sufficient ground for expulsion *(Polin v Kaplan,* 257 NY 277). In *Polin v Kaplan (supra,* pp 282-283) the Court of Appeals stated that "in every contract of association there inheres a term binding members to loyal support of the society in the attainment of its proper purposes, and that for a gross breach of this obligation the power of expulsion is impliedly conferred upon the association" (see 12 NY Jur, Corporations Not-For-Profit, § 60, pp 570-572). The removal of the trip sheet and its reproduction for insertion in petitioner's scrapbook is the only conduct in which petitioner engaged which might fall within these proscriptions or which could remotely be considered as conduct destructive to the purposes of the organization of the Corps or that would hamper its functioning. Even if confidentiality is important in enabling the Corps to fulfill its stated purpose of providing free ambulance and first aid services, petitioner never violated any confidence. There is no evidence that the trip sheet was shown to anyone prior to action being taken against petitioner by the Corps. She worked the "run" recorded on the trip sheet, possessed firsthand knowledge of the information contained therein and preserved a copy only for her personal satisfaction. This conduct clearly did not violate the fundamental objects of the Corps nor, if persisted in and permitted, would it thwart those objects or bring the Corps into disrepute *(Polin v Kaplan, supra).* In the circumstances of this case judicial intervention is warranted because of the trivial nature of petitioner's conduct which violated no rule of the Corps and constituted no breach of any obligation of petitioner to the Corps (see *Bloch v Veteran Corps of Artillery, State of N.Y.,* 61 AD2d 772). (Appeal from judgment of Oneida Supreme Court — art 78.) Present — Simons, J.P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.