■ In the Matter of Nicholas E. Purpura, Respondent-Appellant, v Richmond County Country Club, Appellant-Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Richmond County Country Club (hereinafter the Country Club), dated October 27, 1983, which, after a hearing before its board of governors, suspended the

use of its facilities by petitioner, one of its members, and his family for a six-month period and conditionally expelled him, (1) the Country Club appeals from so much of a judgment of the Supreme Court, Kings County (Mirabile, J.), dated August 21, 1984, as granted the petition to the extent of reducing the penalty imposed to the period of suspension already served, deleting all other conditions of restraint and punishment, and reinstating petitioner with full privileges of membership for himself and his family, and (2) petitioner cross-appeals from so much of the same judgment as otherwise confirmed the determination and dismissed the proceeding.

Judgment modified, on the law, by deleting the first decretal paragraph thereof and by deleting the words "except as so modified" and "in all other respects" from its second decretal paragraph. As so modified, judgment affirmed, without costs or disbursements.

Petitioner Nicholas Purpura was a member of the Country Club, a nonprofit corporation, the constitution of which provides that its board of governors "shall have the power * * * to expel or suspend members for non-payment of dues or accounts, for violation of the constitution or rules, or for conduct which in its opinion is prejudicial to the interests of the club". Petitioner challenges the decision conditionally expelling him and seeks reinstatement.

An association may expel one of its members for a violation of its established rules for which expulsion is provided or even for such conduct as " 'clearly violates the fundamental objects of the association, and if persisted in and allowed would thwart those objects or bring the association into disrepute' " (Polin v Kaplan, 257 NY 277, 283, rearg denied 257 NY 579). Conduct which is not violative per se of a club's rules may still be a sufficient ground for expulsion (Matter of Ames v Central Oneida County Volunteer Ambulance Corps, 81 AD2d 1035). It is also "well established that where the constitution and by-laws of a voluntary association reasonably set forth grounds for expulsion and provide for a hearing upon notice to the member, judicial review of such proceedings is unavailable, unless the reason for expulsion is not a violation of the constitution or by-laws or is so trivial as to suggest that the action of the association was capricious or corrupt, or unless the association failed to administer its own rules fairly" (Bloch v Veteran Corps, 61 AD2d 772, 773).

We agree with Special Term that petitioner's conduct, specifically with regard to the persistent attempts to have the Country Club's manager and one of its bartenders fired, could

well be considered "inimical to the interests of the club in maintaining a harmonious program for the benefit of all the members" and a basis for the board of governors to expel him. His conduct was not trivial in nature, but was viewed by the board of governors as divisive and disruptive, especially in view of the Country Club's stated objective of promoting recreation and social intercourse among its members.

Special Term erred, however, in modifying the determination and reducing the penalty to the period of suspension already served. In reviewing the evidence in the instant matter, the court may not consider whether it would have arrived at the same conclusion as the Country Club's board of governors, or even whether such a conclusion was or was not reasonable, but must confine itself solely to the question of " 'whether the case was so bare of evidence to sustain the decision that no honest mind could reach the conclusion [that the board reached]' " (Bernstein v The Players, 120 Misc 2d 998, 1001). In the instant proceeding, there was substantial evidence to support the board's decision, and the penalty imposed was not an abuse of discretion. Gibbons, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.