■ JAMES CAPOSELLA, Appellant, v JOHN PINTO et al., Respondents. [696 NYS2d 493] —In an action to recover damages for wrongful expulsion from a social club, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered July 13, 1998, which denied his motion for leave to amend the complaint and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, James Caposella, alleges that he was wrongfully expelled from the Wykagyl Country Club in New Rochelle (hereinafter the Club). Pursuant to the by-laws of the Club, the Board of Governors has the power to censure, suspend, or expel any member who exhibits "conduct improper or prejudicial, in its judgment, to the good name and welfare of the Club". Caposella, who brought a defamation action against a member of a Club committee after she complained that he was "rude and abusive", was also charged with criminal mischief in an unrelated dispute with a truck driver who parked in front of his business. After a hearing, the Board of Governors of the Club voted to expel Caposella from the Club.

The Supreme Court properly denied Caposella's motion pursuant to CPLR 3025 for leave to amend the complaint by adding, *inter alia*, three new causes of action. Although leave to amend a pleading should be freely granted in the absence of prejudice to the opposing party, leave is properly denied in those cases where, as here, the proposed amendments are totally devoid of merit and legally insufficient (*see, Matter of Consolidated Edison Co. [Neptune Assocs.]*, 143 AD2d 1012, 1014; *Norman v Ferrara*, 107 AD2d 739, 740).

The Supreme Court also properly granted the defendants' cross motion for summary judgment dismissing the complaint. It is well established that an association may expel a member for a violation of its rules or such conduct as clearly violates the fundamental objectives of the association and, if allowed to continue, would thwart those objectives or bring the association into disrepute (*Polin v Kaplan*, 257 NY 277, 283; *Matter of Purpura v Richmond County Country Club*, 114 AD2d 460). It is equally well settled that judicial intervention in the affairs of private associations is limited. Thus, "where the constitution and by-laws of a voluntary association reasonably set forth grounds for expulsion and provide for a hearing upon notice to the member, judicial review of such proceedings is unavailable, unless the reason for expulsion is not a violation of the constitution or by-laws or is so trivial as to suggest that the action of the association was capricious or corrupt, or unless the association failed to administer its own rules fairly" (*Bloch v Veterans Corps. of Artillery*, 61 AD2d 772, 773).

Here, the charges against Caposella, taken together, were not so trivial as to suggest that the Club's decision was arbitrary and capricious (*see, Matter of Purpura v Richmond County Country Club, supra*). Caposella also failed to establish that the Club did not administer its own rules fairly. The mere allegation of bias will not suffice to set aside the Club's decision. There must be a factual demonstration to support the allegation of bias and proof that the outcome flowed from it (*see, Matter of Warder v Board of Regents*, 53 NY2d 186, 197, *cert denied* 454 US 1125). S. Miller, J. P., Sullivan, Altman and McGinity, JJ., concur.