■ In the Matter of ARTHUR ANDERSON, Petitioner, v BOARD OF DIRECTORS OF THE POWELTON CLUB, Respondent. [726 NYS2d 864] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated February 16, 2000, which, after a hearing, found the petitioner guilty of five charges of misconduct, and suspended his membership privileges for a period of 90 days.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner is a member of the Powelton Club (hereinafter the Club). The respondent, the Board of Directors of the Powelton Club (hereinafter the Board), charged the petitioner with 10 specific instances of misconduct in violation of the Club's by-laws. After a hearing at which he was represented by counsel, the Board found the petitioner guilty of five of the charges, and suspended his membership privileges for a period of 90 days. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review that determination, and the proceeding was transferred to this Court pursuant to CPLR 7804 (g) by order dated June 30, 2000.

Contrary to the petitioner's contentions, there is substantial evidence to support the Board's determination that he engaged in conduct that violated the Club's by-laws (*see, Matter of Berenhaus v Ward,* 70 NY2d 436; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *see also, Caposella v*

*Pinto,* 265 AD2d 362; *Matter of Purpura v Richmond County Country Club,* 114 AD2d 460). Furthermore, the 90-day suspension was not so disproportionate to the misconduct as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222).

The petitioner's remaining contentions are without merit. Santucci, J. P., Goldstein, H. Miller and Crane, JJ., concur.