■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALTON, Appellant. [741 NYS2d 861] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered on or about August 10, 1998, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Saunders, 52 AD2d 833). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice.

We have considered the arguments raised in defendant's pro se supplemental brief and find them to be without merit. Concur—Mazzarelli, J.P., Sullivan, Ellerin, Wallach and Gonzalez, JJ.

■ DIANE STADTMILLER, Appellant, v NEW YORK STATE SOCIETY OF PHYSICIAN ASSISTANTS, Respondent. [741 NYS2d 861] —Order, Supreme Court, New York County (William Wetzel, J.), entered on or about February 1, 2001, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's determinations removing her from respondent's board of directors and suspending her membership for a period of five years, unanimously affirmed, without costs.

The proceedings resulting in the challenged determinations were conducted in accordance with respondent's constitution and bylaws and petitioner was afforded fair notice of the nontrivial charges against her and an opportunity to be heard. This being the case, we perceive no basis upon which the determinations at issue might be judicially disturbed (see, Caposella v Pinto, 265 AD2d 362, 363). Concur—Mazzarelli, J.P., Sullivan, Ellerin, Wallach and Gonzalez, JJ.