In the Matter of ROBERT L. MARANDINO, Appellant, v WESTCHESTER COUNTRY CLUB, INC., et al., Respondents. [822 NYS2d 762]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Westchester Country Club, Inc., which, after a hearing, terminated the petitioner's membership therein, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Smith, J.), entered February 16, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

An association may expel a member for a violation of its established rules for which expulsion is provided (*see Matter of Purpura v Richmond County Country Club*, 114 AD2d 460, 461 [1985]). Moreover, " 'where the constitution and by-laws of a voluntary association reasonably set forth grounds for expulsion

and provide for a hearing upon notice to the member, judicial review of such proceedings is unavailable, unless the reason for expulsion is not a violation of the constitution or by-laws or is so trivial as to suggest that the action of the association was capricious or corrupt, or unless the association failed to administer its own rules fairly' " (*Caposella v Pinto,* 265 AD2d 362, 363 [1999], quoting *Bloch v Veteran Corps. of Artillery, State of N.Y.,* 61 AD2d 772, 773 [1978]).

The petitioner's conduct in repeatedly violating the conditions of his nonresident membership status and misrepresenting his residency provided a sufficient basis for the Board of Governors (hereafter the board) to expel him. The board's determination that the petitioner's conduct was not trivial, but "improper" and "prejudicial to the interest of the Club" was not arbitrary and capricious.

Moreover, the petitioner's mere allegation of bias on the part of the board will not suffice. "There must be a factual demonstration to support the allegation of bias and proof that the outcome flowed from it" (*Matter of Warder v Board of Regents of Univ. of State of N.Y.,* 53 NY2d 186, 197 [1981], *cert denied* 454 US 1125 [1981]; *see Caposella v Pinto, supra*).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Miller, J.P., Goldstein, Mastro and Dillon, JJ., concur.