■ In the Matter of WILLIAM H. KELLY, Appellant, v NORTHPORT YACHT CLUB, INC., Respondent. [844 NYS2d 358]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Northport Yacht Club, Inc., dated May 25, 2005, which, after a hearing, terminated the petitioner's membership therein and permanently barred him from entry

onto its premises, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Berler, J.), entered May 2, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

An association may expel a member for a violation of its established rules for which expulsion is provided (*see Matter of Purpura v Richmond County Country Club*, 114 AD2d 460, 461 [1985]). Moreover, "where the constitution and by-laws of a voluntary association reasonably set forth grounds for expulsion and provide for a hearing upon notice to the member, judicial review of such proceedings is unavailable, unless the reason for expulsion is not a violation of the constitution or by-laws or is so trivial as to suggest that the action of the association was capricious or corrupt, or unless the association failed to administer its own rules fairly" (*Bloch v Veteran Corps. of Artillery, State of N.Y.*, 61 AD2d 772, 773 [1978]; *see Caposella v Pinto*, 265 AD2d 362, 363 [1999]).

The petitioner's conduct provided a sufficient basis for the Board of Governors of the Northport Yacht Club (hereinafter the board) to expel him. The board's determination that the petitioner's conduct was "prejudicial to the interest and welfare of the Club" under its bylaws was not arbitrary and capricious.

"Moreover, the petitioner's mere allegation of bias on the part of the board will not suffice. 'There must be a factual demonstration to support the allegation of bias and proof that the outcome flowed from it' " (*Matter of Marandino v Westchester Country Club, Inc.*, 33 AD3d 800, 801 [2006], quoting *Matter of Warder v Board of Regents of Univ. of State of N.Y.*, 53 NY2d 186, 197 [1981], *cert denied* 454 US 1125 [1981]; *see Caposella v Pinto*, 265 AD2d 362 [1999]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

The petitioner's remaining contentions are without merit. Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur.