■ WENDY GOLDIN et al., Appellants, v ENGINEERS COUNTRY CLUB et al., Respondents. [864 NYS2d 43]—

In an action, inter alia, to recover damages for discrimination by a place of public accommodation on the basis of sex in violation of Executive Law § 296, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Feinman, J.), dated March 22, 2007, which granted the motion of the defendant Engineers Country Club, and the separate motion of the defendants Jonathan Gold, Sheldon Ratner, Leslie Giffords, Milton Grunwald, Les Genatt, Stuart Lubow, and Marc Matza to dismiss the complaint insofar as asserted against each of them pursuant to CPLR 3211 (a).

Ordered that the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

The plaintiffs, husband and wife Wendy Goldin and Kenneth Deutsch, were members of the defendant Engineers Country Club (hereinafter the Club). Due to an extramarital affair, there was ongoing friction between the plaintiffs and another couple who were also Club members. Although both couples initially were suspended from the Club, the other couple's membership eventually was reinstated while the plaintiffs remained suspended. The plaintiffs commenced this action against the

Club and Jonathan Gold, Sheldon Ratner, Leslie Giffords, Milton Grunwald, Les Genatt, Stuart Lubow and Marc Matza (collectively the individual defendants), who were members of the Club's board of directors. The Club and the individual defendants moved to dismiss the complaint insofar as asserted against each of them pursuant to CPLR 3211 (a) (5) and (7). The Supreme Court granted those branches of the motions which were to dismiss the complaint on the ground that the action was barred by the relevant statute of limitations. We affirm, albeit on different grounds.

Contrary to the conclusion reached by the Supreme Court, the complaint was not barred by the statute of limitations. A proceeding pursuant to CPLR article 78, which is subject to a four-month statute of limitations, is the proper vehicle for challenging a decision to suspend or expel a member of a not-for-profit corporation such as a country club, based on a violation of the club's bylaws or established rules (*see e.g. Matter of Kelly v Northport Yacht Club, Inc.*, 44 AD3d 858 [2007]; *Matter of Marandino v Westchester Country Club, Inc.*, 33 AD3d 800, 800-801 [2006]; *Schiffer v Tarrytown Boat Club*, 219 AD2d 704 [1995]; *Matter of Purpura v Richmond County Country Club*, 114 AD2d 460, 461 [1985]). However, in the instant case, the plaintiffs no longer claim such a violation. Rather, the complaint alleged discrimination based on sex under the Human Rights Law (Executive Law § 296), which allows parties to commence an action against discriminatory places of public accommodation, and the applicable statute of limitations is three years (*see Koerner v State of N.Y., Pilgrim Psychiatric Ctr.*, 62 NY2d 442, 446 [1984]; *Bistrisky v New York State Dept. of Correctional Servs.*, 23 AD3d 866, 867 [2005]; *see also* CPLR 214). As such, the plaintiffs' action was timely commenced.

Nevertheless, the complaint should have been dismissed because it failed to state a cause of action (*see* CPLR 3211 [a] [7]). On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint [to be] true, accord [the] plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Schenkman v New York Coll. of Health Professionals*, 29 AD3d 671, 672 [2006]). Applying these principles here, the plaintiffs' conclusory assertion that the defendants discriminated against the plaintiff Goldin based on sex is unsupported by any factual allegations and insufficient to state a cause of action to recover damages for discrimination based on sex. The plaintiffs failed to plead any facts demon-

strating how they were denied the privileges of membership on the basis of sex, particularly in light of the fact that the plaintiffs, a male and female, were both suspended while the other couple involved in the dispute, also a male and a female, were reinstated (*see* Executive Law § 296 [2] [a]). Further, the plaintiffs' cause of action alleging that the individual defendants aided and abetted the unlawful discrimination was properly dismissed, because an individual cannot be held to have aided and abetted his or her own actions (*see* Executive Law § 296 [6]; *Strauss v New York State Dept. of Educ.*, 26 AD3d 67 [2005]). Fisher, J.P., Dillon, Angiolillo and Balkin, JJ., concur.