*524 Plaintiffs are the former president and other members of the NAC, a not-for-profit corporation and private club dedicated to the promotion of public interest in the arts. Defendants are the NAC, the NAC Board of Governors and several individual Board members. In or about August 2011, after a preliminary inquiry into allegations of misconduct by plaintiffs, the Board served plaintiffs with a statement of charges pursuant to the NAC bylaws. Plaintiffs were provided notice of an NAC disciplinary hearing on the charges scheduled for August 30, 2011.
The day before the scheduled hearing, plaintiffs commenced this action seeking, inter alia, a declaration that the statement of charges was void, and an injunction staying the disciplinary hearing. Additionally, plaintiffs sought a preliminary injunction to prevent the hearing from going forward, which the court granted. Plaintiffs then moved to disqualify the Board from presiding over the hearing, alleging that it was biased. The court determined that plaintiffs had failed to show bias on the part of the entire Board, but granted plaintiffs’ motion to the extent of disqualifying certain Board members. In addition, the court ordered further procedures to be followed, including the exchange of witness lists and documents, and time limits for direct and cross examination.*
In January 2012, the court granted defendants leave to amend their answer to include counterclaims. Plaintiffs moved to renew their previously-denied motion for disqualification, and sought a further stay of the disciplinary hearing. As relevant here, plaintiffs argued that the Board’s vote to authorize the counterclaims was a new fact demonstrating the Board’s bias. The court denied the request for a stay, and the hearing *525 proceeded on January 23, 2012 before a subcommittee of the Board. Plaintiffs failed to appear at the hearing, but were given permission to submit evidence and a written summation.
On February 16, 2012, the Board found that the statement of charges was sustained by the evidence, and voted to expel plaintiffs from the NAC. In the order on appeal, entered March 23, 2012, the court granted plaintiffs’ motion to renew their motion to disqualify, and, upon renewal, granted the motion, disqualified the Board, invalidated the expulsion, and directed that a new hearing be held before a neutral arbitrator. The court concluded that the effect of the Board members’ having voted to assert counterclaims in this action, together with the various Board members’ roles as hearing officers responsible for judging the merits of the statement of charges, deprived them of the necessary neutrality to adjudicate the claims.
We conclude that the motion court improperly disqualified the NAC Board from adjudicating the statement of charges against plaintiffs. The court should not have decided this issue by way of motion in this plenary action for declaratory and injunctive relief. Rather, the appropriate venue for plaintiffs, as members of a private club, to challenge their expulsion would be in a CPLR article 78 proceeding after the NAC’s internal proceedings were completed, and upon a full record (see Dormer v Suffolk County Police Benevolent Assn., Inc., 95 AD3d 1166, 1168 [2d Dept 2012]). In this regard, we note that the court reached its conclusion without even reviewing the full record of the hearing.
Even if we were to address the merits, we would find that the court, in this ruling, overstepped its authority by interfering with internal, private, club proceedings. “It is well established that where the constitution and by-laws of a voluntary association reasonably set forth grounds for expulsion and provide for a hearing upon notice to the member, judicial review of such proceedings is unavailable, unless the reason for expulsion is not a violation of the constitution or by-laws or is so trivial as to suggest that the action of the association was capricious or corrupt, or unless the association failed to administer its own rules fairly” (Bloch v Veteran Corps, of Artillery, State of N.Y., 61 AD2d 772, 773 [1st Dept 1978]). Here, there is no showing that the disciplinary process was not conducted in accord with the NAC bylaws.
Nor have plaintiffs demonstrated bias on the part of the Board warranting its disqualification. Although “a determination based ... on a body’s prejudgment or biased evaluation must be set aside[,] ... a mere allegation of bias will not suffice. *526 There must be a factual demonstration to support the allegation of bias and proof that the outcome flowed from it” (Matter of Warder v Board of Regents of Univ. of State of N.Y., 53 NY2d 186, 197 [1981], cert denied 454 US 1125 [1981]). The proffered reason for the disqualification of the Board — the filing of the counterclaims — is not evidence of bias sufficient to warrant the Board’s removal. Nor, on this record, was there any showing that the decision to expel plaintiffs from the NAC flowed from any such alleged bias. Concur — Friedman, J.P, Acosta, Renwick, Richter and Abdus-Salaam, JJ.

 That order is not the subject of this appeal.