Matter of Grant v Wyncote Club, Inc. (2021 NY Slip Op 04021)





Matter of Grant v Wyncote Club, Inc.


2021 NY Slip Op 04021


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2018-01317
 (Index No. 4448/17)

[*1]In the Matter of Richard B. Grant, et al., appellants,
v
Wyncote Club, Inc., respondent.


The Law Offices of Christopher J. Cassar, P.C., Huntington, NY, for appellants.
Babchik & Young, LLP, White Plains, NY (Jordan M. Sklar of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of Wyncote Club, Inc., dated July 26, 2017, which, after a hearing, revoked the petitioners' membership and expelled them from its club, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated November 27, 2017. The judgment, insofar as appealed from, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The petitioners, Richard B. Grant and Susan Grant, were spousal members of Wyncote Club, Inc. (hereinafter the club), a boating club located in Huntington. The club's bylaws provide that members of the club may be expelled by a vote of its board of directors based on nonpayment of fees, a violation of the bylaws or the rules of the club, or an act that is willfully detrimental to the club. The club's rules require its members, among other things, to perform night watch shifts during which they maintain a log of their patrols of the docks. Richard was charged with violating the club's rules, inter alia, by failing to arrive on time for a scheduled night watch shift and falsifying entries in the night watch log. After a hearing, the club's board of directors found that Richard violated the club's rules, revoked the petitioners' membership, and expelled them from the club. The petitioners commenced this proceeding pursuant to CPLR article 78 to annul the club's determination. The Supreme Court denied the petition and dismissed the proceeding, and the petitioners appeal.
"An association may expel a member for a violation of its established rules for which expulsion is provided" (Matter of Marandino v Westchester Country Club, Inc., 33 AD3d 800, 800; see Matter of Purpura v Richmond County Country Club, 114 AD2d 460, 461). "Moreover,'where the constitution and by-laws of a voluntary association reasonably set forth grounds for expulsion and provide for a hearing upon notice to the member, judicial review of such proceedings is unavailable, unless the reason for expulsion is not a violation of the constitution or by-laws or is so trivial as to suggest that the action of the association was capricious or corrupt, or unless the association failed to administer its own rules fairly'" (Matter of Kelly v Northport Yacht Club, Inc., 44 AD3d 858, 859, quoting Bloch v Veteran Corps. of Artillery, State of N.Y., 61 AD2d 772, 773).
Here, Richard's conduct in missing the majority of a scheduled night watch shift and entering false information in the night watch log provided a sufficient basis for the club's board of directors to expel the petitioners from the club (see Matter of Marandino v Westchester Country Club, Inc., 33 AD3d at 801).
The petitioners' remaining contentions are without merit.
DILLON, J.P., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court